# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| MILLENNIUM AIRSHIP, INC.<br><br>Plaintiff,<br><br>v.<br><br>TARPEY WIX, LLC<br><br>Defendant. | Case No. 1:23-CV-16218<br><br>JUDGE Hon. Edmond E. Chang |

## JOINT INITIAL STATUS REPORT

NOW COME the parties, jointly through their undersigned counsel, and for their Joint Jurisdictional Statement required by this Honorable Court's December 5, 2023, Order, state as follows:

**1. Nature of the Case**

**A. Identify the attorneys of record for each party, including the lead trial attorney.**

Plaintiff: Jefferey Ogden Katz (lead trial attorney) (information below)

Defendant: Kimberly E. Blair (lead trial attorney) and Robert F. Merlo, Wilson Elser LLP, 55 W. Monroe, Suite 3800, Chicago, IL 60603, (312) 821-6170, Kimberly.blair@wilsonelser.com; Robert.merlo@wilsonelser.com

**B. Identify any parties that have not yet been served.**

1

None

**C. State the basis for federal jurisdiction. If jurisdiction over any claims is based on diversity or supplemental jurisdiction:**

Diversity jurisdiction over this action pursuant to 28 U.S. Code § 1332(a)(1). The Plaintiff is a citizen of the State of Washington, and the Defendant is a citizen of the State of Illinois, and all Defendant's members are citizens of Illinois, and the amount in controversy, exclusive of costs, exceeds $75,000.

**i. state whether and, if so, why the amount in controversy exceeds the $75,000 jurisdictional threshold;**

As stated in the Complaint, the damages in this case are significant and may be in excess of $10,000,000.00.

**ii. identify the state of citizenship of each named party. For unincorporated associations, LLCs, partnerships and other business entities that are not corporations, the state(s) in which any individual members of the business unit are citizens must be identified. NOTE: The report must address whether there is diversity of citizenship in any case in which supplemental jurisdiction over state law claims is asserted, so that the Court may exercise informed discretion about whether to resolve such claims in the event that the federal question claims are resolved or dismissed.**

The Plaintiff is a citizen of the State of Washington, and the Defendant is a citizen of the State of Illinois. Each of Defendant's two (2) members (Daniel W. Tarpey and David G. Wix) are citizens of Illinois.

**D. Describe generally the nature of the claims asserted in the complaint and any counterclaims.**

The claims asserted in the Complaint involve claims for legal malpractice with respect to deviations from the standard of care in representing Plaintiff in an action in California.

**E. State the major legal and factual issues in the case.**

Specifically, and as addressed in the Complaint, the central issue with respect to Defendant's deviations from the standard of care involves failing to file valuable claims for Plaintiff in California state court that were filed past the applicable statute of limitations.

The Defendants deny any allegation of malpractice and anticipate that factual issues will include factors informing the applicable standard of care, as well as the merits of the underlying case and amount(s) of any theoretical recovery in the underlying case.

**F. Describe the relief sought.**

The relief sought is equal to an amount to make Plaintiff whole for failing to prosecute Plaintiff's valuable claims in California state court.

**2. Case Plan**

**A. Identify all pending motions.**

None.

**B. State whether any defendant anticipates responding to the complaint by motion and, if so, the basis for the intended motion.**

It is anticipated that Defendant will file a Motion to Dismiss pursuant to Rule 12(b)(6).

**C. Submit a proposed discovery plan, including the following information:**

**i. the general type of discovery needed;**

It is anticipated that the parties will need to engage in written and oral fact discovery, including multiple non-party depositions. Further, it is anticipated that the parties will need to engage in expert witness discovery given the claims for legal malpractice raised in the Complaint.

**ii. whether discovery will encompass electronically stored information (ESI) and any anticipated issues regarding disclosure or discovery of ESI, including the form or forms in which it should be produced;**

It is anticipated that discovery in this case will involve the production of Electronically Stored Information (ESI). The materials will be produced in native format, subject to the agreement of the parties.

**iii. any issues or agreements regarding claims of privilege or protection of trial preparation materials, including whether the parties desire that the Court enter an order regarding a procedure to assert such claims after production pursuant to Federal Rule of Evidence 502(d);**

None at this time.

**iv. the date(s) on which disclosures under Federal Rule of Civil Procedure 26(a)(1) were made or will be made;**

Rule 26(a)(1) disclosures have not yet been made in this case. It is anticipated that such disclosures will be made by the parties within 30 days after the Court enters an Order on the Motion to Dismiss or Defendant files an answer to the operative pleading.

**v. the date by which the parties will complete fact discovery;**

The parties believe that non-expert fact discovery will be resolved within nine (9) months following an answer by Defendant to the operative pleading.

**vi. whether expert discovery is contemplated and, if so, dates by which disclosures under Federal Rule of Civil Procedure 26(a)(2) will be made and expert depositions completed;**

It is anticipated that, following the closure of non-expert witness discovery, that the parties will complete expert witness depositions within four (4) months following the closure of non-expert discovery.

**vii. what changes, if any, should be made to the limitations on discovery imposed under the Federal Rules of Civil Procedure or the requirements of the Local Rules of the Northern District of Illinois, such as changes in the number of depositions or interrogatories permitted;**

None.

**viii. the date by which the parties must file any dispositive motions.**

The parties agree that dispositive motions shall be filed within 60 days following the closure of expert discovery under Federal Rule 26(a)(2).

**D. State whether there has been a jury demand and the estimated length of the trial.**

A jury demand has been made in this case. It is expected that a trial of this matter would last one full week.

**3. Settlement**

**A. State whether any settlement discussions have occurred and describe the status of any such discussions. Do not provide the particulars of any settlement demands/offers.**

The parties have not engaged in settlement discussions. However, the parties have discussed, and intend to jointly file, a Motion to Stay this matter pending the appeal of the underlying matter in state court in California.

**B. State whether the parties believe that a settlement conference would be productive at this time.**

While the parties generally welcome the Court's assistance in settlement discussions, it is generally agreed that due to the complexity of the matter, all parties would benefit from a brief period of additional time to process and review the claims in order to meaningfully guide a request for Court assistance.

**4. Consent to Proceed Before a Magistrate Judge**

**A. State whether counsel have informed their respective clients about the possibility of proceeding before the assigned Magistrate Judge for all purposes, including trial and entry of final judgment, and whether the parties unanimously consent to that procedure. Do not indicate which parties consented or did not consent.**

The parties have informed their respective clients about the possibility of proceeding before the assigned Magistrate Judge but have not discussed between them that possibility at this time.

Under penalties as provided by law, the undersigned certify that the statements set forth in this instrument are true and correct.

Respectfully submitted,

*/s/ Jefferey Ogden Katz*

*/s/ Kimberly E. Blair*

Attorney for Plaintiff
Jefferey Ogden Katz
THE KATZ LAW FIRM, P.C.
161 N. Clark, Suite 1600
Chicago, Illinois 60601
T: 312.300.3727
jkatz@thekatzlaw.com

Attorney for Defendant
Kimberly E. Blair
Wilson Elser Moskowittz Edelman & Dicker LLP
55 West Monroe Street, Suite 3800
Chicago, Illinois 60603
Robert.Merlo@wilsonelser.com         DATED: December 22, 2023