# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| MILLENNIUM AIRSHIP, INC. | ) |
| Plaintiff, | ) |
| v. | ) Case No. 2023-CV-16218 |
| TARPEY WIX, LLC, | ) JURY TRIAL DEMANDED |
| Defendant. | ) |

## MOTION TO REMAND

Plaintiff, MILLENNIUM AIRSHIP, INC ("Millenium"), pursuant to 28 U.S. Code § 1447, respectfully ask this Court to Remand this case to the Circuit Court of Cook County. In support of its motion, Plaintiff states as follows:

### INTRODUCTION

This lawsuit belongs in state court. Defendant is a forum defendant who was joined and served prior to the removal. This matter is finally ripe for adjudication since the appeals in the underlying matter have all been resolved against Plaintiff and that can begin in the Circuit Court of Cook County with new counsel. When the stay is lifted the first issue to resolve is application of the forum defendant rule.

## **RELEVANT FACTS**

1. Plaintiff filed its complaint in the Circuit Court of Cook County on December 12, 2023. (ECF #1, p. 8)

2. On October 25, 2023, Defendant was served with the Complaint. (ECF #1, p. 31)

3. On November 15, 2023, Defendant filed its appearance and jury demand in the Cook County Action. (Exhibit "A" attached hereto).

4. On November 24, 2023, Defendant filed its notice of removal without stating the citizenship of the limited liability company members necessary to establish subject matter jurisdiction. (ECF #1)

5. Defendant is an Illinois Limited Liability Company doing business in Cook County whose members are citizens of Cook County Illinois. (ECF # 7).

6. On December 22, 2023, the parties filed a jurisdictional statement that supplemented the Notice of Removal by stating the citizenship of the limited liability company members necessary to demonstrate diversity.

7. On December 28, 2023, Defendant filed a motion to stay, and the case has since been stayed without any answer or responsive pleading being filed.

8. On January 12, 2024, less than 30 days after the necessary supplementation of facts in support of removal, the Court entered an order staying this action.

## LEGAL STANDARD

A defendant may remove an action to federal court if the court has original subject matter jurisdiction, but a civil action otherwise removable, pursuant to diversity of citizenship under 28 U.S.C. § 1332(a), "may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." *See* 28 U.S.C. § 1441(a)(b).

## ARGUMENT

It is axiomatic that "[t]he burden of establishing federal jurisdiction falls on the party seeking removal, and *any* doubt regarding jurisdiction should be resolved in favor of remand. *See, e.g., XL Specialty Co. v. Village of Schaumburg*, 2006 WL 2054386 (N.D. Ill., 2006), *citing Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993) (emphasis added). Furthermore, "[t]he removal statute should be construed narrowly and any doubts about the propriety of removing a particular action should be resolved against allowing removal." *Wirtz Corp. v. United Distillers & Vintners N. Am., Inc.,* 224 F.3d 708, 715 (7th Cir. 2000), *citing Allied-Signal, 985 F.2d at 911, Illinois v. Kerr McGee Chem. Corp.*, 677 F.2d 571, 576 (7th Cir. 1982); *Shamrock Oil & Gas Co. v. Sheets,* 313 U.S. 100, 108-09 (1941); and *In re Application of County Collector of the County of Winnebago,* 96 F.3d 890, 895 (7th Cir. 1996). Any defect in the removal procedure requires remand. *Matter of Amoco Petroleum Additives Co.*, 964 F.2d 706, 708 (7th Cir. 1992).

**A. The Forum Defendant Rule Bars Removal because the Defendants Are all Citizens of the State of Illinois.**

As quoted above, 28 U.S.C. § 1441(b) expressly provides that "[a] civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." This principle is commonly referred to as the "forum defendant rule." As the Seventh Circuit has explained, the forum defendant rule is "designed to

3

preserve the plaintiff's choice of forum, under circumstances where it is arguably less urgent to provide a federal forum to prevent prejudice against an out-of-state party." *Morris v. Nuzzo*, 718 F.3d 660, 665 (7th Cir. 2013), *quoting Hurley v. Motor Coach Indus. Inc.* 222 F.3d 377, 380 (7th Cir. 2000). "In other words, the forum-defendant rule disallows federal removal premised on diversity in cases where the primary rationale for diversity jurisdiction – to protect defendants against presumed bias of local courts – is not a concern because at least one defendant is a citizen of the forum state." *In re Paraquat Prods. Liab. Litig.*, 2022 WL 3754820 at *6 (S.D. Ill., 2022).

Application of the forum defendant rule here is straightforward. Plaintiff filed its Complaint for Legal Malpractice in the Circuit Court of Cook County, Illinois. Defendant strategically filed the Notice of Removal to circumvent the forum defendant rule. (ECF Dkt. 1). A forum defendant cannot remove a case filed in state court to an Illinois federal court. Moreover, the forum defendant rule precludes removal "if *any* of the parties in interest properly joined and served" is a citizen of Illinois. 28 U.S.C. § 1441(b) (emphasis added). The forum defendant rule commands that remand to the Circuit Court of Cook County, Illinois is proper.

WHEREFORE, Plaintiff, MILLENNIUM AIRSHIP, INC., respectfully requests that the Court grant its Motion to Remand and all other relief that this Court deems necessary and appropriate under the circumstances.

        Respectfully submitted,
        **MILLENNIUM AIRSHIP, INC.**
        Plaintiff

        By: /s/ *Alexander N. Loftus*
             One of Its Attorneys

Alexander Loftus, Esq.
David A. Eisenberg, Esq.
LOFTUS & EISENBERG, LTD.
161 N. Clark, Suite 1600
Chicago, Illinois 60601
T: 312.899.6625
alex@loftusandeisenberg.com
david@loftusandeisenberg.com

Dated: December 10, 2024

**PROOF OF SERVICE**

     I hereby certify that on September, 2021, I electronically filed the foregoing Motion to Remand with the Clerk of the Court using the Court's CM/ECF service, which will send notice to all counsel of record listed below.

    Andrew Schrag, Esq.
    Blank Rome
    444 W. Lake St., Ste. 1650
    Chicago, IL 60606
    andy.schrag@blankrome.com

                                                     */s/ Alexander N. Loftus*