UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MILLENNIUM AIRSHIP, INC.,

Plaintiff,

v.

TARPEY WIX, LLC,

Defendant.

No. 1:23-CV-16218

Judge Edmond E. Chang

MEMORANDUM OPINION AND ORDER

Millennium Airship, Inc., sues Tarpey Wix, LLC, for legal malpractice based on Tarpey Wix's representation of Millennium in a contract suit in California state court. R. 1, Exh. A, Compl. ¶¶ 1–2.[1] Millennium sued Tarpey Wix in the Circuit Court of Cook County, *id.*, and Tarpey Wix removed the malpractice case to this Court based on diversity jurisdiction, R. 1, Notice of Removal ¶¶ 9–15.[2] After waiting for the underlying California contract case to conclude, around a year later, Millennium filed a motion to remand based on the forum-defendant rule. R. 29, Pl.'s Mot. at 3–4. Although the deadline to move for remand on this basis is 30 days after the filing of the notice of removal, *see* 28 U.S.C. § 1447(c), Millennium argues that (1) the clock only

---

[1]Citations to the record are "R." followed by the docket entry number and, if needed, a page or paragraph number.

[2]This Court has subject matter jurisdiction over this case under 28 U.S.C. § 1332. Specifically, Millennium is a Washington corporation with its principal place of business in Washington. R. 7, Joint Jurisdictional Statement ¶ 1. Tarpey Wix is a limited liability company and its two members are citizens of Illinois. *Id.* ¶ 2. And the amount-in-controversy requirement is met because Millennium seeks at least $1 million based on the damages it sought in the underlying contract case. Notice of Removal ¶¶ 18–19.

began to run when Tarpey Wix corrected its defective notice of removal; and (2) the deadline was then tolled by the Court's entry of a stay. R. 32, Pl.'s Suppl. to Mot. at 1. For the reasons explained below, the stay did not toll the deadline, and the clock expired. Because Millennium's motion to remand is untimely, the motion is denied.

## I. Background

Millennium retained Tarpey Wix to pursue a contract action against various defendants in California state court. Compl. ¶ 2. The court granted the defendants' motion for summary judgment based on several statute-of-limitations defenses. *Id.* ¶ 6. Millennium Airship then sued Tarpey Wix in the Circuit Court of Cook County for legal malpractice. *Id.* ¶ 1.

Tarpey Wix removed the case to this Court based on diversity jurisdiction on November 24, 2023 (the particular dates of various filings end up being important to the parties' arguments). Notice of Removal ¶¶ 9–15. Because the notice of removal insufficiently alleged the parties' citizenships, the Court ordered the parties to file a joint memorandum providing this information. R. 6, Jurisdictional Inquiry. The parties filed a joint jurisdictional statement on December 18, 2023, that confirmed the parties had complete diversity of citizenship. Joint Jurisdictional Statement ¶¶ 1–3.

On December 28, 2023, the parties filed a joint motion to stay the case pending Millennium's appeal of the underlying contract case in California. R. 10, Joint Mot. ¶¶ 9–12. The Court granted the motion and stayed the case on January 12, 2024. R. 13, Stay. The underlying appeal concluded in November 2024, after the California Court of Appeal affirmed the entry of summary judgment and the California Supreme

2

Court denied Millennium's petition for review. R. 26, Joint Status Report at 1–2. On November 26, 2024, the Court lifted the stay and ordered the parties to file a joint status report with the proposed next step of the litigation here. R. 27, Order Lifting Stay. Millennium filed a motion to remand on December 10, 2024, asserting that the removal violated the forum-defendant rule because Tarpey Wix and its members are citizens of Illinois, where Millennium brought this action. Pl.'s Mot. at 4.

## II. Analysis

Under the governing statute, a "motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal." 28 U.S.C. § 1447(c). Put another way, state court plaintiffs waive non-jurisdictional objections to removal if they fail to move for remand within the 30-day deadline. *In re Cont'l Cas. Co.*, 29 F.3d 292, 294 (7th Cir. 1994). Noncompliance with the forum-defendant rule—which prohibits removal "if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought," 28 U.S.C. § 1441(b)(2)—is a non-jurisdictional objection. *GE Betz, Inc. v. Zee Co.*, 718 F.3d 615, 625 (7th Cir. 2013). "Consequently, if a plaintiff fails to raise a forum-defendant objection within thirty days of removal, the plaintiff waives the right to raise the objection later." *Id.* at 626.

Millennium raised its forum-defendant objection over a year after Tarpey Wix filed its notice of removal. *See* R. 35, Def.'s Resp. at 1. Millennium argues that its motion to remand is nonetheless timely because two events pushed back the 30-day

deadline: first, Tarpey Wix's correction of its defective notice of removal, and second, the Court's entry of a stay. Pl.'s Suppl. to Mot. at 1. The Court addresses each in turn.

## A. Correction of Defective Notice of Removal

Millennium argues that because Tarpey Wix's notice of removal was defective—it failed to adequately establish complete diversity of citizenship—the 30-day deadline to move for remand only began to run when Tarpey Wix corrected that defect. Pl.'s Suppl. to Mot. at 2–3. As an initial matter, the Court must determine when Tarpey Wix fixed the defect in its notice of removal. Millennium argues that the "facts necessary to determine subject matter jurisdiction were not submitted until December 22," when the parties filed a joint status report. *Id.* at 2; *see* R. 8, Joint Initial Status Report. That is close, but not quite right. Four days earlier—on December 18—the parties filed a joint jurisdictional statement that established complete diversity of citizenship. Joint Jurisdictional Statement ¶¶ 1–3. The joint jurisdictional statement is thus the appropriate starting point because it corrected the defect in the notice of removal.

That said, the Court agrees with Millennium that the 30-day deadline to move for remand began to run when the parties filed the joint jurisdictional statement, not when Tarpey Wix filed its original, defective notice of removal. Section 1447(c) sets the 30-day deadline to file a motion to remand based on "the filing of the notice of removal under section 1446(a)." Section 1446(a), in turn, requires the defendant to file a notice of removal "containing a short and plain statement of the grounds for removal." Thus, under the plain text of the statutes, the 30-day deadline is based on

4

the filing of a proper notice of removal that states the grounds for removal—not a defective one.

To hold otherwise would make little sense. Defendants who want to remove a case to federal court bear the burden to establish federal jurisdiction in their notice of removal. *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993). And "[a]s a matter of common sense, a Plaintiff (and the court) cannot know whether there is a valid basis for federal jurisdiction until the removing Defendant properly alleges the basis for jurisdiction." *Smith v. Marquette Transp. Co., L.L.C.*, 2017 WL 3648459, at *3 (W.D. La. Aug. 1, 2017). So it is only when the defendant meets its burden and properly alleges the basis for jurisdiction that the 30-day clock to move for remand should begin to run. Only then has a defendant filed a "notice of removal" within the meaning of that term in Sections 1446(a) and 1447(c).

Consistent with that view, although no binding precedent addresses this issue, several district courts have held that an amended notice of removal restarts the 30-day clock to move for remand. *See, e.g.*, *Williams v. Wal-Mart Stores, Inc.*, 534 F. Supp. 2d 1239, 1242 (M.D. Ala. 2008) ("[W]ith the filing of an amended removal notice, the 30-day period for filing a remand motion should, in general, begin again."); *Maiden v. Liberty Mut. Ins. Co.*, 2016 WL 3227984, at *6 (C.D. Ill. June 3, 2016) (same); *see also Morin v. Target Corp.*, 2009 WL 2704092, at *2 n.4 (N.D. Ill. Aug. 25, 2009) (noting without deciding that the 30-day deadline may begin to run as of the filing of a corrected notice of removal).

Tarpey Wix's primary response is that the joint jurisdictional statement did not formally amend the notice of removal. Def.'s Resp. at 5–6. This argument needlessly places form over substance. Although the joint jurisdictional statement was not formally labeled as an amended notice of removal, it functioned as one. Indeed, without the joint jurisdictional statement, Millennium could have moved to remand for lack of federal jurisdiction based on the notice of removal's defect.

Because the joint jurisdictional statement corrected the notice of removal's defect, Millennium's 30-day deadline to move for remand started when it was filed on December 18, 2023. *See* Joint Jurisdictional Statement at 2.

### B. Stay of Litigation

Millennium then argues that the deadline to file the motion to remand was tolled when the Court entered a stay of this case on January 12, 2024, fewer than 30 days after the parties filed the joint jurisdictional statement. Pl.'s Suppl. to Mot. at 3. But Millennium offers no legal authority for this proposition. And the text of section 1447(c) says nothing about a court-entered stay as operating against the 30-day clock. The statute plainly requires that plaintiffs file their motion to remand within 30 days of the filing of a notice of removal. *See* 28 U.S.C. § 1447(c). It does not say that courts may toll this deadline by simply entering a stay.

What's more, here the stay was substantively unrelated to—and thus did not affect—the deadline to file a motion to remand. The parties' joint motion to stay made clear that they sought a pause in the proceedings "pending the adjudication of the Underlying Appeal and/or Underlying Case (if the Underlying Appeal is successful)."

6

Joint Mot. ¶ 12. Similarly, the Court granted a stay "pending the underlying appeal in the California state case." Stay. But the motion to remand is unrelated to the underlying appeal; the result of the California contract case would not affect the Court's decision on whether the forum-defendant rule requires remand.

Moreover, the purpose of the 30-day deadline to move for remand—to prevent the "shuttling of cases between state and federal court" and "extended litigation that does no more than determine where litigation shall proceed," *Cont'l Cas. Co.*, 29 F.3d at 295—applies to Millennium's remand motion regardless of the outcome of the substantively unrelated California appeal. Indeed, the Fifth Circuit has rejected a similar argument for this reason. *See In re Shell Oil Co.*, 932 F.2d 1523, 1528–29 (5th Cir. 1991) (holding that a delay in filing a remand motion pending the resolution of a case unrelated to the basis for remand could not toll the 30-day deadline to file the motion). Thus, the stay did not toll Millennium's deadline to move for remand.

It is true that parties can (and often do) enter into agreements to toll mandatory statutory deadlines like this one. *See Camico Mut. Ins. Co. v. Citizens Bank*, 474 F.3d 989, 993 (7th Cir. 2007) (interpreting an agreement to toll statute of limitations defenses and other defenses). Not surprisingly, Millennium contends that the parties' standstill agreement—under which the parties jointly moved to stay the case—tolled the deadline to move for remand. Pl.'s Suppl. to Mot. at 3. But the standstill agreement tolled only *Tarpey Wix*'s defenses to this suit, not the deadline for Millennium to move for remand. The tolling language in the agreement refers specifically to Tarpey Wix's defenses: the parties agreed "to toll any potential time-related defenses

7

to this legal malpractice case that may arise during the Tolling Period," *id.*, particularly "any statute of limitations, statute of repose, or time-related defense not already possessed by [Defendant]," Def.'s Resp. at 4. Amongst all of this specific reference to *Tarpey Wix*'s defenses, Millennium can point to no language in the standstill agreement that refers to *Millennium*'s deadline to file a motion to remand. *See Camico*, 474 F.3d at 993 (holding that a tolling agreement applied only to statute of limitations defenses, not the statute of limitations itself, because the agreement referred only to "statute of limitations defenses and other defenses relating to the time that claims are asserted").

Because the stay did not toll Millennium's 30-day deadline, its motion to remand—filed almost a year after the filing of the joint jurisdictional statement, which served as the corrected notice of removal—is untimely.[3] Millennium has thus waived its forum-defendant objection to removal. *See Hurley v. Motor Coach Indus., Inc.*, 222 F.3d 377, 380 (7th Cir. 2000).

---

[3]The Court entered the stay 25 days after the parties filed the joint jurisdictional statement. *See* Joint Jurisdictional Statement (filed Dec. 18, 2023); Stay (entered Jan. 12, 2024). Millennium filed the motion to remand 14 days after the Court lifted the stay. *See* Order Lifting Stay (entered Nov. 26, 2024); Pl.'s Mot. (filed Dec. 10, 2024). Thus, even if the stay tolled the deadline, the clock to move for remand still ran for over 30 days, and Millennium's motion was thus untimely. But because Tarpey Wix does not raise this argument, the Court does not rely on it.

## IV. Conclusion

The motion to remand, R. 29, is denied: the case will stay in federal court. The parties shall confer and file a joint status report on the next step of the litigation. The status report is due by October 3, 2025.

ENTERED:

      s/Edmond E. Chang
Honorable Edmond E. Chang
United States District Judge

DATE: September 25, 2025

9