UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MILLENIUM AIRSHIP, INC. and SKYLIFT, LLC, | ) ) ) |
| Plaintiffs, | ) Case No.: 1:23-cv-16218 |
| | ) Hon. Edmond E. Chang |
| v. | ) Magistrate Judge Beth W. Jantz |
| | ) |
| TARPEY WIX, LLC, | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT TARPEY WIX'S COMBINED RULE 12(C) MOTION FOR JUDGMENT ON THE PLEADINGS AND RULE 12(b)(6) MOTION TO DISMISS**

Defendant, Tarpey Wix, LLC (hereinafter "Tarpey Wix" or "Defendant"), by and through its attorneys, for its combined Motion for Judgment on the Pleadings as to Count II pursuant to Fed. R. Civ. P. 12(c) and Motion to Dismiss Count III pursuant to Fed. R. Civ. P. 12(b)(6), respectfully submit the following as their Motion for Judgment on the Pleadings and Supporting Memorandum of Law:

**INTRODUCTION**

Plaintiffs' first amended complaint (the "FAC", ECF #48) asserts claims for legal malpractice and breach of fiduciary duty. The FAC (filed October 7, 2025), for the first time, names Skylift, LLC ("Skylift[1]") as a plaintiff. In the original complaint (ECF #1), filed October 12, 2023, only Plaintiff Millennium Airship, Inc. ("Millennium") (Skylift and Millennium collectively, "Plaintiffs") was a plaintiff. This is because, as will be shown, Skylift's principal, Michael Smith

---

[1] Skylift LLC (one of the named Plaintiffs in this case) was not a plaintiff in the Underlying Case and was not a client of Tarpey Wix. Sky Lift Aeronautics, LLC ("SLA") was a plaintiff in the Underlying Case and a client of Tarpey Wix. The undersigned brought this to Plaintiffs' counsel's attention, and he stated that this was in error, and that he will be taking steps to have Sky Lift Aeronautics, LLC named as a plaintiff in place of Skylift, LLC. Thus, for purposes of this Motion, Tarpey Wix treats Sky Lift, LLC as Sky Lift Aeronautics, LLC and waives no rights/defenses on this issue.

1

("Mr. Smith"), expressly told Millennium's then-legal malpractice counsel in August of 2023 that Skylift was not pursuing a legal malpractice claim against Tarpey Wix. Because Skylift's late-addition to this lawsuit is not because of any mistake or inadvertence, Skylift's claims are time-barred because they do not relate back to the original filing date. Dismissal, with prejudice, of Skylift's claims is proper under Rule 12(c). Further, all the claims for breach of fiduciary duty are duplicative of the legal malpractice claims and should be dismissed under Rule 12(b)(6).

## BACKGROUND/SUMMARY OF PLEADINGS

### I. SUMMARY RELEVANT ALLEGATIONS AND PROCEDURAL BACKGROUND

Plaintiffs' claims arise from Tarpey Wix's representation of Plaintiffs in the underlying case, *Sky Lift Aeronautics, LLC and Millennium Airship, Inc. v. Lockheed Martin Corporation, Hybrid Enterprises, LLC, Korn/Ferry International, Inc. and Robert Binns*, Superior Court of Los Angeles County, California, Case No.: SC128899 ("Underlying Case"). (*See,* FAC at ECF #48); (*see also*, Tarpey Wix's Answer and Affirmative Defenses at ECF #50). Plaintiff Millenium was founded by Gil Costin. (ECF. No 48 at ¶3). Plaintiff Skylift was formed by both Gil Costin and Michael Smith. (*Id.* at ¶28). Mr. Smith is the controlling member of Skylift. (ECF #50, p. 44, ¶16).

In sum, the Underlying Case (wherein Tarpey Wix represented Plaintiffs) related to Plaintiffs' claims that the underlying defendants had essentially stolen proprietary information and breached obligations to Plaintiffs related to Plaintiffs' purported development of technology for large, hybrid "airships" (blimp-like vessels). (*See, e.g.,* ECF #48, ¶24) ("Millennium's business was developing hybrid airship technology and commercial applications"). The underlying defendants (collectively, "Underlying Defendants") were Lockheed Martin Corporation ("Lockheed"), Hybrid Enterprises ("Hybrid Enterprises"), Korn/Ferry International, Inc. ("KF")

2

and Robert Binns ("Binns"). (*See*, *e.g.*, Def.'s A.D.'s, Ex. 1, p. 1, also attached hereto as **Exhibit 1**[2]).

Tarpey Wix and Sky Lift Aeronautics, LLC ("SLA") formed an attorney client relationship in December 2016 by way of a written engagement agreement. (ECF No. 50 at p. 41 ¶1); (*see also,* fn. 1, *supra*). At some point thereafter and prior to June 2017, Tarpey Wix and Millennium formed an attorney client relationship. (*Id.* at ¶2).

In the Underlying Case, the fourth amended complaint ("Underlying 4AC") was the final operative pleading and it pled causes of action for (1) violation of the CUTSA (against all defendants), (2) breach of PIA (by SLA against Lockheed), (3) breach of fiduciary duty (by SLA against Binns), (4) breach of the implied covenant of good faith and fair dealing (by SLA against Lockheed), (5) promissory estoppel (by SLA and Millennium against Lockheed), and (6) breach of PIA (by Millennium against Lockheed). (*Id.* at ¶4).

On April 28-29, 2022, the underlying Court issued its rulings and orders variously granting the different Underlying Defendants' summary judgment motions. (AD Exs. 2-5, also attached as **Exhibits 2, 3, 4, and 5** hereto). Prior to that point, the underlying Court issued tentative rulings granting the motions and the Plaintiffs were informed of the same by Tarpey Wix *via* email. (AD Ex. 1 and Ex. 1 hereto). On April 21, 2022, Mr. Costin of Millennium responded to Tarpey Wix stating, *inter alia*, that "Of course, it was "my" email that got our SJ tossed out. How about if the actions against all parties had been filed in a timely manner, then this SOL issue would not be an issue." (*Id.*). Mr. Smith of Skylift was copied on this email. (*Id.*).

---

[2] Tarpey Wix's Answer and Affirmative Defenses were inadvertently filed without the Exhibits to the Affirmative Defenses. Tarpey Wix has filed a motion for leave to re-file its Answer and Affirmative Defenses to add the Exhibits. (ECF #59). Tarpey Wix, for expediency and convenience, attaches the Affirmative Defenses' Exhibits to this Motion as well.

On June 7, 2022, the underlying Court entered judgment ("Underlying Judgment"). (AD Ex. 2 and Ex. 2 hereto); (ECF #48 & 50, at ¶7). The underlying Court's summary judgment rulings were based on the statute of limitations, and evidence (including emails and testimony from Mr. Costin) that established that Plaintiffs' knowledge of the underlying causes of action accrued no later than January of 2015, meaning that Plaintiffs had until January of 2018 to sue the Underlying Defendants. (ECF #49 & 50, ¶2); (*see also*, AD Exs. 2-5, and Exs. 2-5 hereto) (summary judgment rulings). Tarpey Wix filed the Underlying Case on February 26, 2018. (ECF #49 & 50, ¶2).

Between June 18, 2022 and June 21, 2022, Messrs. Smith and Costin and Tarpey Wix exchanged email correspondence regarding the underlying result, reflecting Plaintiffs' knowledge of their purported injury and that it may have been the result of Tarpey Wix's conduct no later than January 21, 2022. (AD Ex. 6, p. 3, and Ex. 6 hereto) (Mr. Costin, cc'ing Mr. Smith, on June 21, 2022 upon being informed of the Underlying Judgment, "DAMNIT!!!!!") (emphasis in original); (*see also, Id.* at p. 2) (Mr. Costin, cc'ing Mr. Smith, on June 21, 2022 to Tarpey Wix, "Finding out that you allowed the SOL to run out came as a surprise, considering you had plenty of time to act on our behalf"); (*see also, Id.* at p. 1) (Mr. Smith's June 21, 2022 email to Tarpey Wix upon learning of the Underlying Judgment).

Plaintiffs allege but for Tarpey Wix's alleged failure to file the Underlying Case before January 2018, they would have prevailed in the Underlying Case. (ECF #48, pp. 14-20).

Both Plaintiffs each plead a claim for legal malpractice against Tarpey Wix (Count I (Millennium), Count II (Skylift)), and a claim for breach of fiduciary duty (Count III (both Plaintiffs)). Millennium filed initially filed this case in the Circuit Court of Cook County, Illinois on October 12, 2023. (ECF #1). Prior to that time, however, Millennium's then legal malpractice counsel had been corresponding with Tarpey Wix about a potential case. (AD. Ex. 7, also attached

4

as **Exhibit 7** hereto). Tarpey Wix challenged that attorney's assertion that he represented both Millennium and Skylift, and thereafter Mr. Smith (for Skylift) emailed the following on August 23, 2023 (*see*, ECF #50, pp. 44-50; citing, AD Ex. 7, which is also Ex. 7 hereto):

> Dear Mr. Katz, Please refer to the email attached, that was sent to you From Mr. Tarpey asserting Skylift Aeronautics and my position. Please take notice, I am confirming Mr. Tarpey's true and accurate statements in that email, **that I Michael Smith remain the true and only manager of Skylift, and have not authorized you or anyone in your firm to act as representation for myself or [Skylift]. Thus please immediately cease and dissist any and all further actions regarding Skylift towards [Tarpey Wix].**

(*Id.*) (emphasis added).

It was not until nearly two years after the Original Complaint was filed that, on October 3, 2025, a motion for leave to file an amended complaint that names Skylift as a plaintiff was filed. (ECF #44). The FAC was filed October 7, 2025. (ECF #44). Tarpey Wix's answer and affirmative defenses were filed October 31, 2025. (ECF #50). Tarpey Wix's first affirmative defenses is Statute of Limitations as to Skylift. (ECF #50, pp. 44-46).

## ARGUMENT

### I. STANDARD OF REVIEW

Under Rule 12(c), after the pleadings are closed, but early enough to avoid a delay of trial, a party may move for judgement on the pleadings. Fed. R. Civ. P. 12(c). "Pleadings" include the Complaint, the Answer and any written instruments attached as exhibits. FRCP 10(c).

Apart from timing, there is no difference in a court's assessment of a motion to dismiss and a motion for judgment on the pleadings. *Federated Mutual Insurance Company v. Coyle Mechanical Supply Inc.*, 983 F.3d 307, 313 (7th Cir. 2020). Accordingly, in considering a motion for judgment on the pleadings, the Court should not grant the motion unless it appears beyond doubt that the non-movant cannot prove facts sufficient to support his or her position and that therefore, the moving party is entitled to relief. *Federated Mutual Insurance Company*, 983 F.3d

5

at 313; citing, *Scottsdale Insurance v. Columbia Ins. Grp., Inc.*, 972 F.3d 915, 919 (7th Cir. 2020). Stated differently, the moving party must demonstrate that there are no issues of material fact that need to be resolved. *Id.* In ruling on the motion, the Court should view all facts in the light most favorable to the non-moving party. *Id*.

     **II.    SKYLIFT'S CLAIMS ARE TIME-BARRED. (RULE 12(C) MOTION).**

        **A.  SLA's Claim for Legal Malpractice (Count II) is Time-Barred Pursuant to The Applicable 2-year Statute of Limitations.**

Section 13-214.3(b) of the Illinois Code of Civil Procedure sets forth the statute of limitations for claims against attorneys related to their provision of legal services and provides:

> An action for damages based on tort, contract, or otherwise (i) against an attorney arising out of an act or omission in the performance of professional services *** must be commenced within 2 years from the time the person bringing the action knew or reasonably should have known of the injury for which damages are sought.

*Evanston Ins. Co. v. Riseborough,* 2014 IL 114271, ¶14; quoting, 735 ILCS 5/13-214.3(b).

The two-year limitations period begins when the injured party "has a reasonable belief that the injury was caused by wrongful conduct, thereby creating an obligation to inquire further on that issue." *Nelson v. Padgitt,* 2016 IL App (1st) 160571, ¶12, "'A person knows or reasonably should know an injury is 'wrongfully caused' when he or she possesses sufficient information concerning an injury and its cause to put a reasonable person on inquiry to determine whether actionable conduct had occurred." *Scheinblum v. Schain Banks Kenny & Schwartz, Ltd.*, 2021 IL App (1st) 200798, ¶25; quoting, *Janousek v. Katten Muchin Rosenman LLP*, 2015 IL App (1st) 142989, ¶13. Thus, when an injured party knows or reasonably should know that it was both injured and that the injury was wrongfully caused, the burden is on the injured party to inquire further as to the existence of a cause of action. *Id.*

        i.    Skylift Knew of Its Injury and That is May have Been the Result of Wrongful Conduct More Than 2 Years Before Suing Tarpey Wix.

6

As set forth above, Skylift knew of its injury (loss of the Underlying Case and the Underlying Judgment) no later than June 21, 2022, when Mr. Smith of Skylift emailed Tarpey Wix regarding the Underlying Judgment, on the same email thread wherein Mr. Costin was expressing frustration with Tarpey Wix. (*See*, ECF No. 50 at p. 44, ¶10). Thus, Skylift had until June 21, 2024, at the latest, to file its claims Tarpey Wix, making its claims in the October 2025 FAC time-barred.

ii. The Relation-Back Doctrine Does Not Save Skylift's Claims.

As set forth above, in August of 2023 when new counsel for Millennium was corresponding with Tarpey Wix ahead of filing this malpractice action, Mr. Smith, on behalf Skylift, made clear *via* email that Skylift was not authorizing any claim be made against Tarpey Wix on its behalf:

> Dear Mr. Katz, Please refer to the email attached, that was sent to you From Mr. Tarpey asserting Skylift Aeronautics and my position. Please take notice, I am confirming Mr. Tarpey's true and accurate statements in that email, **that I Michael Smith remain the true and only manager of Skylift, and have not authorized you or anyone in your firm to act as representation for myself or [Skylift]. Thus please immediately cease and dissist any and all further actions regarding Skylift towards [Tarpey Wix].**

(ECF #50, pp. 44-50; citing, AD Ex. 7, also attached as Ex. 7 hereto) (emphasis added).

Accordingly, on October 12, 2023, Millennium (and Millennium only) filed this case against Tarpey Wix. (ECF #1). That remained the case until October 7, 2025, when the FAC was filed. (ECF #48). Regardless of why Skylift changed its mind between August 2023 and October 2025 about suing Tarpey Wix, it cannot be disputed that Skylift knowingly relinquished its right to bring a claim against Tarpey Wix related to the Underlying Case until well after the statute of limitations expired and, therefore, the relation-back doctrine does not save the FAC.

Fed. R. Civ. P. 15 governs amended pleadings and when they relate back to the date of an original, timely filing. Specifically, Rule 15(c)(1)(C) provides that an amended pleading that changes or adds a party will be timely if "…the party to be brought in by amendment: (i) received

7

such notice of the action that it will not be prejudiced in defending on the merits; and (ii) knew or should have known that the action would have been brought against it, but for **a mistake** concerning the proper party's identity." (FRCP 15(c)(1)(C)) (emphasis added). Indeed, "…the attitude taken in revised Rule 15(c) toward change of defendants **extends by analogy to amendments changing plaintiffs**." (Advisory Committee Notes, 1991 Amendments to FRCP 15) (emphasis added); *see also, Blanchard v. Edgemark Financial Corp.,* 2000 WL 33223385, at *22 n.5 (N.D. Ill. May 22, 2000) (Rule 15 applies analogously to adding a plaintiff); *see also, Worthington v. Wilson*, 8 F.3d 1253, 1256 (7th Cir. 1993) ("A plaintiff may usually amend his complaint under Rule 15(c) to change the theory or statute under which recovery is sought; or to correct a misnomer of plaintiff where the proper party plaintiff is in court; or to change the capacity in which the plaintiff sues; or to substitute or add as plaintiff the real party interest; or to add additional plaintiffs where the action, as originally brought, was a class action").

The two inquiries for relation back are "whether the defendant who is sought to be added by the amendment knew or should have known that the plaintiff, **had it not been for a mistake**, would have sued him instead or in addition to suing the named defendant; and second, whether, even if so, the delay in the plaintiff's discovering his mistake impaired the new defendant's ability to defend himself." *Joseph v. Elan Motorsports Techs. Racing Corp.*, 638 F.3d 555, 560 (7th Cir. 2011); citing, *Krupski v. Costa Crociere S.p.A.*, 560 U.S. 538, 557 (2010) (emphasis added).

Further, "'[a]potential defendant who has not been named in a lawsuit by the time the statute of limitations has run is **entitled to repose—unless it is or should be apparent to that person that he is the beneficiary of a mere slip of the pen, as it were**.'" *Joseph*, 638 F.3d at 559-60; quoting, *Rendall-Speranza v. Nassim*, 107 F.3d 913, 918 (D.C. Cir. 1997); and citing, *Wood v. Worachek*, 618 F.2d 1225, 1230 (7th Cir. 1980); *Locklear v. Bergman & Beving AB*, 457

8

F.3d 363, 366-67 (4th Cir. 2006) (emphasis added). Indeed, "making a **deliberate choice** to sue one party instead of another while fully understanding the factual and legal differences between the two parties i**s the antithesis of making a mistake concerning the proper party's identity**." *Krupski v. Costa Crociere S.p.A.*, 130 S. Ct. at 2494 (emphasis added).

Here, it cannot be disputed that Skylift made a **deliberate choice** not to sue Tarpey Wix and then changed its mind in that regard after the limitations period expired. Indeed, making such a deliberate choice is the "antithesis of making a mistake concerning the proper party's identity." *Krupski*, 130 S. Ct. at 2494. In this regard, Tarpey Wix relied on Skylift's abandonment of its known right to sue Tarpey Wix, and "is entitled to repose" because Skylift's late-addition here was decidedly *not* the result "of a mere slip of the pen." *Joseph*, 638 F. 3d at 559-60. Therefore, Skylift's claims should be dismissed with prejudice as time barred.

### III. COUNT III OF PLAINTIFFS' FAC SHOULD BE DISMISSED AS DUPLICATIVE. (RULE 12(B)(6) MOTION).

#### A. Applicable Law

A motion brought pursuant to Fed. R. Civ. P. 12(b)(6) challenges the viability of a complaint by arguing that it fails to state a claim upon which relief may be granted. *Firestone Fin. Corp. v. Meyer*, 796 F.3d 822, 826-27 (7th Cir. 2015) (collecting cases). While a Court assumes the truth of all *well-pled* factual allegations, a plaintiff must do more than simply recite the elements of the claim to survive dismissal. *Reynolds v. CB Sports Bar, Inc.*, 623 F.3d 1143, 1146 (7th Cir. 2010). "Thread-bare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). A complaint must plausibly suggest plaintiff's right to relief beyond a speculative level. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).

#### B. Count III is Impermissibly Duplicative of Counts I and II.

Count III (breach of fiduciary duty) is duplicative of Counts I and II (alleging legal malpractice). The breach of fiduciary duty count should thus be dismissed. It cannot be disputed that Counts I, II and III all arise out of the same operative facts and plead the same injury. (ECF No. 48 at pp. 20-24). Count I alleges Tarpey Wix had a "duty to act with reasonable diligence and promptness and to comply with the applicable statutes of limitation." (*Id.* at p. 20, ¶205). Further, Count I alleges "[b]ut for Tarpey Wix's negligence, Millennium would have prevailed in the underlying case." (*Id.* at p. 21, ¶210). Count II alleges "Tarpey Wix breached its duties to SkyLift through the same acts and omissions alleged in Count I," and that "[b]ut for these breaches, Sky Lift would have…recovered on its claims." (*Id.* at p.23, ¶¶209-210). Both Count I and Count II allege damages related to lost judgment or settlement value and claim, *inter alia,* lost profits and business value damages. (*Id.* at pp. 21-22, ¶¶214-218; p. 23, ¶¶212-214).

Likewise, Count III alleges the "attorney-client relationship created fiduciary duties" for Tarpey Wix as it relates to representation of Plaintiffs in the underlying case. (*Id.* at p. 24, ¶217). Further, Count III alleges Tarpey Wix breached its fiduciary duties by failing to perform timely due diligence in the underlying case. (*Id.*, ¶218). Count III seeks "the same damages alleged in Counts I and II as a direct result of this fiduciary breach." (*Id.*, ¶220).

A breach of fiduciary duty cause of action contains three elements: (1) the existence of a fiduciary relationship in which the trustee owes a fiduciary duty; (2) breach of that duty; and (3) the breach must have proximately caused plaintiff's injury. *Pippen v. Pedersen*, 2013 IL App (1st) 111371 ¶23; *citing Neade v. Portes*, 193 Ill. 2d 433 (2000). Similarly, to prevail on a legal malpractice claim, a plaintiff must prove that: (1) the defendant owed plaintiff a duty of care arising from an attorney-client relationship; (2) that the defendant breached that duty; and (3) that the

plaintiff suffered injury as a proximate result of the defendant's breach. *Pippen*, 2013 IL App (1st) 111371, ¶21 (collecting cases).

Illinois courts hold that breach of fiduciary duty claims are duplicative of legal malpractice claims when such claims are supported by the same operative facts and result in the same injury to the plaintiff. *See*, *Pippen* at ¶23; citing; *Nettleton v. Stogsdill*, 387 Ill. App. 3d 743, 760, 899 (2nd Dist. 2008); *Majumdar v. Lurie*, 274 Ill. App. 3d 267, 273–74 (1st Dist. 1995); *Metrick v. Chatz*, 266 Ill. App. 3d 649, 656 (1st Dist. 1994). The operative facts of a claim are those facts that actually caused the plaintiff's injuries. *Pippen*, at ¶25 *citing*; *Nettleton*, 387 Ill. App. 3d at 761. Thus, when the operative facts and alleged injuries are the same under both counts, a breach of fiduciary claim equates to a negligence claim and must be dismissed. *See*, *Pippen*, at ¶25.

In *Pippen*, the plaintiff alleged that the defendant law firm breached its fiduciary duty and committed professional negligence when it also represented other entities involved in the sale of a private jet. *Id.* at ¶¶10, 13–14, 26. The plaintiff argued the defendant law firm had their own pecuniary interest, unbeknownst to plaintiff, and that their negligence and breach of fiduciary duty claims were not duplicative because they had different elements and defenses. *Id.* On appeal, the First District described the duplicative nature of fiduciary duty and professional negligence claims whenever these causes of action are brought in conjunction with one another: "[T]he breach of fiduciary duty claim equates to a negligence claim…because to establish that they were injured by defendants' breach of fiduciary duty, plaintiffs must…necessarily prove that defendants engaged in negligent acts and that those acts caused the injuries at issue." *Id.* at ¶28. Specifically, the First District found that the claims shared the same operative facts and injuries and that the plaintiffs incorporated the same injury allegations into both claims, and those injuries were caused by

11

defendants' negligent acts. *Id.* Accordingly, plaintiffs were not allowed to pursue both claims as they were duplicative of one another. *Id.*

*Pippen* is instructive. Plaintiffs' breach of fiduciary duty claim (Count III) and legal malpractice claims (Counts I-II) arise from an identical set of operative facts, and Plaintiffs seek redress for the same injuries in both counts. (ECF No. 48 at pp. 20-24). In particular, each allegation arises from the legal services Tarpey Wix allegedly provided to Plaintiffs in the Underlying Case. (*Id.*). Further, Count III seeks "the same damages alleged in Counts I and II as a direct result of this fiduciary breach." (*Id.* at p. 24 ¶220). Thus, Count III of the FAC should be dismissed.

WHEREFORE, Defendant, Tarpey Wix, LLC, respectfully requests this Honorable Court enter an ORDER: (1) granting this Motion; (2) dismissing Counts II and III, with prejudice, pursuant to FRCP 12(c); (3) dismissing Count III of Plaintiffs' FAC, with prejudice, pursuant to FRCP 12(b)(6); and (4) granting any other relief deemed just and appropriate.

Respectfully Submitted,

**Tarpey Wix LLC**

*/s/ Kimberly E. Blair*
One of its Attorneys

Kimberly E. Blair
Robert F. Merlo
Courtney L. Wood
Wilson Elser Moskowitz Edelman & Dicker LLP
161 N. Clark St., Suite 4500
Chicago, IL 60601
Tel: 312.821.6139/Fax: 312-704-1522
Kimberly.blair@wilsonelser.com
Robert.merlo@wilsonelser.com
Courtney.wood@wilsonelser.com

## **CERTIFICATE OF SERVICE**

The undersigned states that a true and correct copy of this document was served on all parties/counsel of record via filing through the CM/ECF system on December 5, 2025.

*/s/ Robert F. Merlo*
