# EXHIBIT

# 3

# APRIL 28, 2022 ORDER GRANTING BINNS' UNDERLYING MOTION FOR SUMMARY JUDGMENT (ORDER ADOPTING UNDERLYING COURT'S PRIOR TENTATIVE RULING, WITH RULING)

326037614v.1

Crowell & Moring LLP
Valerie M. Goo (SBN 187334)
VGoo@crowell.com
Andrew Holmer (SBN 268864)
AHolmer@crowell.com
Uri Niv (SBN 307487)
UNiv@crowell.com
Mariam Sarwar (SBN 329895)
Msarwar@crowell.com
515 South Flower Street, 40th Floor
Los Angeles, CA 90071
Telephone: 213.622.4750
Facsimile: 213.622.2690

Attorneys for Defendant
LOCKHEED MARTIN CORPORATION,
HYBRID ENTERPRISES, LLC and ROBERT BINNS

**FILED**
Superior Court of California
County of Los Angeles
04/28/2022
Sherri R. Carter, Executive Officer / Clerk of Court
By: _____ K. Metoyer _____ Deputy

Electronically Received 04/27/2022 06:17 PM

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

| | |
|---|---|
| SKY LIFT AERONAUTICS, LLC, and MILLENNIUM AIRSHIP INC.<br><br>Plaintiffs,<br><br>v.<br><br>LOCKHEED MARTIN CORPORATION, a Maryland corporation, HYBRID ENTERPRISES, LLC, a Delaware limited liability company, KORN/FERRY INTERNATIONAL, INC., a Delaware corporation, and ROBERT BINNS, an individual,<br><br>Defendants. | Case No. SC 128899<br><br>[~~PROPOSED~~] ORDER GRANTING ROBERT BINNS' MOTION FOR SUMMARY JUDGMENT<br><br>Dept: M<br>Judge: Hon. Mark A. Young<br><br>Hearing Date: April 26, 2022<br>Hearing Time: 8:30 a.m.<br><br>Action Filed: February 26, 2018<br>Trial Date: September 19, 2022<br><br>**RES ID:** **423157904344** |

In their operative Fourth Amended Complaint, Plaintiffs assert two causes of action against defendant Robert Binns ("Binns"). In Count I, Plaintiffs assert a claim against Binns for trade secret misappropriation under the California Uniform Trade Secrets Act (Civ. Code § 3426). In Count III, Plaintiff Sky Lift asserts a claim against Binns for breach of fiduciary duty. Binns has moved for summary judgment of the entire action asserted against him by Plaintiffs, or in the alternative, summary adjudication of Plaintiffs' two causes of action against him for misappropriation of trade secrets and breach of fiduciary duty.

Binns' Motion for Summary Judgment, or in the alternative, Summary Adjudication of Plaintiffs Sky Lift Aeronautics, LLC, and Millennium Airship Inc.'s ("Plaintiffs") claims in Plaintiffs' Fourth Amended Complaint ("Motion") came regularly for hearing on April 26, 2022. In advance of the April 26, 2022 hearing, the Court provided the parties with a tentative order on Binns' Motion, which is attached hereto as **Exhibit A** ("Tentative Order"). At the April 26, 2022 hearing, and with the benefit of the Court's Tentative Order, Counsel for Binns presented oral argument in support of the motion, and counsel for Plaintiffs presented oral argument in opposition to the motion.

After full consideration of the evidence and points and authorities submitted by Binns and Plaintiffs, and oral arguments of counsel, the Court adopts its Tentative Order, attached hereto as **Exhibit A**, as the Final Order of the Court on Binns' Motion, with the following modifications:

- The Tentative Order at **Exhibit A,** page 3, fourth paragraph, fifth sentence is modified to read as follows (modified text bolded):
  - "For instance, by October 18, 2013, Sky Lift's principal, **Michael Smith**, was 'having suspicions' about Binns' interactions with LMC, and those suspicions 'only increased' throughout the remainder of 2013 and into January 2014. (UMF 38, 39 [undisputed].)"
- The sentence in the Tentative Order reading "There were no evidentiary objections filed as to this motion.", appearing at **Exhibit A**, page 2, under the heading "Evidentiary Issues" is deleted in its entirety and replaced with the following:
  - Binns submitted with his reply papers evidentiary objections to certain of

the additional evidence offered by Plaintiffs in support of their opposition. Binns' objections to Plaintiffs' additional evidence are not material to the Court's resolution of Binns' motion because, even if admissible, Plaintiffs' additional evidence does not create a disputed issue of material fact as to the running of the statute of limitations."

So modified, the Tentative Order attached hereto as **Exhibit A** shall constitute the Final Order of the Court on Binns' motion. Therefore,

**IT IS HEREBY ORDERED THAT:**

1. The Tentative Order attached hereto as Exhibit A, as modified above, is hereby adopted and entered as the Final Order of the Court on Binns Motion;

2. Summary judgment of the entire action as to Binns hereby **GRANTED** in favor of Binns on the following grounds:

    a. Binns is entitled to summary adjudication as to the first cause of action in Plaintiffs' Fourth Amended Complaint for trade secret misappropriation under California Uniform Trade Secrets Act (Civ. Code § 3426, "CUTSA") because the uncontroverted evidence establishes that Plaintiffs' CUTSA claim is barred by the applicable three-year statute of limitations as a matter of law because Plaintiffs were on notice of their claims against Binns by January of 2014, at the very latest, but did not file suit until February 26, 2018. Ex. A, pp. 2-4;

    b. Binns also is entitled to summary adjudication as to Plaintiff Sky Lift's Third Cause of Action for breach of fiduciary duty because the uncontroverted evidence establishes that Plaintiff Sky Lift's claim for breach of fiduciary duty is barred by the applicable three-year statute of limitations as a matter of law because Sky Lift was on notice of its claims against Binns by January of 2014, at the very latest, but did not file suit until February 26, 2018. Ex. A, pp. 4-5;

    c. Because Binns is entitled to summary adjudication of both claims asserted

CROWELL & MORING LLP
ATTORNEYS AT LAW

3     CASE NO. SC128899

[PROPOSED] ORDER GRANTING ROBERT BINNS' MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, MOTION FOR SUMMARY ADJUDICATION

1  against him in Plaintiffs' Fourth Amended Complaint, Binns is also entitled to summary judgment of the entire action as to Binns.

3. Because the grounds for summary judgment as to Binns set forth in **Exhibit A** are sufficient to enter summary judgment of the entire action as to Binns, the Court declines to reach the remaining alternative grounds for summary judgment and/or summary adjudication asserted by Binns in his Motion

**IT IS SO ORDERED.**

Dated: 04/28/2022

_____
HON. MARK A. YOUNG
JUDGE OF THE SUPERIOR COURT

Crowell & Moring LLP
Attorneys At Law

4

CASE NO. SC128899

[PROPOSED] ORDER GRANTING ROBERT BINNS' MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, MOTION FOR SUMMARY ADJUDICATION

# EXHIBIT A

# DEPARTMENT M LAW AND MOTION RULINGS

---

Case Number: SC128899    Hearing Date: April 26, 2022    Dept: M

CASE NAME:      Sky Lift Aeronautics, et al., v. Lockheed Martin Corp., et al.
CASE NO.:       SC128899
MOTION:         Motion for Summary Judgment/Adjudication by Defendant Robert Binns
HEARING DATE:   4/26/2022

## BACKGROUND

On February 26, 2018, Plaintiffs Sky Aeronautics LLC and Millennium Airship Inc. filed the instant trade secrets action against Defendants Lockheed Martin Corp. (LMC), Hybrid Enterprises LLC, Korn/Ferry International Inc., and Robert Binns.

The operative Fourth Amended Complaint (FAC) states seven causes of action for: 1) violation of the California Uniform Trade Secrets Act ("CUTSA") (against all Defendants, except Ferry); 2) Breach of the Proprietary Information Agreement against Lockheed by Sky Lift); 3) Breach of Fiduciary Duty (against Binns by Sky Lift); 4) Breach of the Implied Covenant of Good Faith and Fair Dealing (against Lockheed and Korn Ferry by Sky Lift); 5) Promissory Estoppel (against Lockheed); 6) Breach of Contract (against Ferry by Sky Lift); and 7) Breach of Proprietary Information Agreement (against Lockheed by Millennium).

On February 4, 2022, Binn filed a motion for summary judgment/adjudication. Plaintiffs oppose the motion.

## SEALING ISSUE

The same sealing issue previously noted as to Hybrid's motion is present here. Defendants and Plaintiffs have lodged portions of the papers and evidence conditionally under seal. Defendants filed their papers conditionally under seal, pursuant to California Rules of Court, rule 2.551(b)(3)(A) (procedure for party not intending to file application). Plaintiffs failed to file a motion or an application to seal these records within 10 days or to obtain a court order extending the time to file such a motion or an application. (Cal. Rule Court, Rule 2.551(b)(3)(B).) The Clerk will therefore transfer all the lodged documents to the public file.

## LEGAL STANDARD

A party may move for summary judgment in any action or proceeding if it is contended that the action has no merit or that there is no defense to the action or proceeding. (Code Civ. Proc., § 437c(a).) "The purpose of the law of summary judgment is to provide courts with a mechanism to cut through the parties' pleadings in order to determine whether, despite their allegations, trial is in fact necessary to resolve their dispute." (Aguilar v. Atlantic Richfield Co. (2001) 25 Cal.4th 826, 843.)

"A party may move for summary adjudication as to one or more causes of action within an action, one or more affirmative defenses, one or more claims for damages, or one or more issues of duty, if the party contends that the cause of action has no merit, that there is no affirmative defense to the cause of action, that there is no merit to an affirmative defense as to any cause of action, that there is no merit to a claim for damages, as specified in Section 3294 of the Civil Code, or that one or more defendants either owed or did not owe a duty to the plaintiff or plaintiffs." (Code Civ. Proc., § 437c(f)(1).) If a party seeks summary adjudication as an alternative to a request for summary judgment, the request must be clearly made in the notice of the motion. (Gonzales v. Superior Court (1987) 189 Cal.App.3d 1542, 1544.) "[A] party may move for summary adjudication of a legal issue or a claim for damages other than punitive damages that *does not completely*

*dispose* of a cause of action, affirmative defense, or issue of duty pursuant to" subdivision (t). (Code Civ. Proc., § 437c(t).)

      To prevail, the evidence submitted must show there is no triable issue as to any material fact and that the moving party is entitled to judgment as a matter of law. (Code Civ. Proc., § 437c(c).) The motion cannot succeed unless the evidence leaves no room for conflicting inferences as to material facts; the court has no power to weigh one inference against another or against other evidence. (Murillo v. Rite Stuff Food Inc. (1998) 65 Cal.App.4th 833, 841.) In determining whether the facts give rise to a triable issue of material fact, "[a]ll doubts as to whether any material, triable, issues of fact exist are to be resolved in favor of the party opposing summary judgment…" (Gold v. Weissman (2004) 114 Cal.App.4th 1195, 1198-99.) "In other words, the facts alleged in the evidence of the party opposing summary judgment and the reasonable inferences there from must be accepted as true." (Jackson v. County of Los Angeles (1997) 60 Cal.App.4th 171, 179.) However, if adjudication is otherwise proper the motion "may not be denied on grounds of credibility," except when a material fact is the witness's state of mind and "that fact is sought to be established solely by the [witness's] affirmation thereof." (Code Civ. Proc., § 437c(e).)

      Once the moving party has met their burden, the burden shifts to the opposing party "to show that a triable issue of one or more material facts exists as to that cause of action or a defense thereto." (Code Civ. Proc., § 437c(p)(1).) "[T]here is no obligation on the opposing party... to establish anything by affidavit unless and until the moving party has by affidavit stated facts establishing every element... necessary to sustain a judgment in his favor." (Consumer Cause, Inc. v. SmileCare (2001) 91 Cal.App.4th 454, 468.)

      "The pleadings play a key role in a summary judgment motion. The function of the pleadings in a motion for summary judgment is to delimit the scope of the issues and to frame the outer measure of materiality in a summary judgment proceeding." (Hutton v. Fidelity National Title Co. (2013) 213 Cal.App.4th 486, 493, quotations and citations omitted.) "Accordingly, the burden of a defendant moving for summary judgment only requires that he or she negate plaintiff's theories of liability *as alleged in the complaint*; that is, a moving party need not refute liability on some theoretical possibility not included in the pleadings." (Ibid.)

## EVIDENTIARY ISSUES

      There were no evidentiary objections filed as to this motion.

## ANALYSIS

### First Cause of Action for CUTSA

      The Court concludes that Plaintiffs' first cause of action under CUTSA against Binn is barred by the statute of limitations for the same reasons discussed in Hybrid's motion. "Generally, a cause of action accrues and the statute of limitation begins to run when a suit may be maintained. Ordinarily this is when the wrongful act is done and the obligation or the liability arises . . .. In other words, a cause of action accrues upon the occurrence of the last element essential to the cause of action." (Cobb v. City of Stockton (2011) 192 Cal.App.4th 65, 72-73, citations and quotation omitted.)

      Under the Discovery Rule, the statute of limitations begins to run when the plaintiff discovers or reasonably should have discovered the facts giving rise to the cause of action. (Mills v. Forestex Co. (2003) 108 Cal.App.4th 625, 642-43.) In other words, the limitations period begins to run when the circumstances are sufficient to raise a suspicion of wrongdoing, or when a plaintiff has notice or information of circumstances sufficient to put a reasonable person on inquiry. (Id. at 648-49.) A plaintiff need not be aware of every fact necessary to establish a cause of action; a plaintiff who has a reason to suspect that someone has done something wrong has an incentive to sue and that is sufficient for statute of limitations purposes. (Jolly v. Eli Lilly Co. (1988) 44 Cal. 3d 1103, 1111 [plaintiff's admission that "she wanted to 'make a claim'" triggered the limitations period].)

"When a plaintiff reasonably should have discovered facts for purposes of the accrual of a case of action or application of the delayed discovery rule is generally a question of fact, properly decided as a matter of law only if the evidence . . . can support only one reasonable conclusion." (Broberg v. The Guardian Life Ins. Co. of America (2009) 171 Cal.App.4th 912, 921.) For summary adjudication, the issue is whether the undisputed facts support the inference that the plaintiff should have known or suspected the injury and wrongful cause outside of the applicable limitations period. (Cleveland v. Internet Specialties West, Inc. (2009) 171 Cal.App.4th 24, 31; see Glue-Fold, Inc. v. Slautterback Corp. (2000) 82 Cal.App.4th 1018, 1024-1028 [re: discovery of trade secret claim]; see also Cypress Semiconductor Corp. v. Superior Court (2009) 163 Cal. App. 4th 575, 579 [limitations begins to run when "plaintiff has any reason to suspect that the third party knows or reasonably should know that the information is a trade secret."].)

Civil Code section 3426.6 provides that a misappropriation action under CUTSA "must be brought within three years after the misappropriation is discovered or by the exercise of reasonable diligence should have been discovered." A claim for misappropriation of a trade secret arises for a given plaintiff against a given defendant only once, at the time of the initial misappropriation. (Cadence Design Sys., Inc. v. Avant! Corp. (2002) 29 Cal.4th 215, 223; see Civ. Code § 3426.6.)

The FAC alleges that Plaintiffs discovered the scheme when on March 30, 2016, Sky Lift learned that Lockheed had no intention of including Plaintiffs on the project. At that time, Lockheed announced that it and Hybrid Enterprises had signed a letter of intent with Straightline Aviation Ltd. for the purchase of hybrid airships. (FAC ¶ 98.) Plaintiffs claim that they were previously unaware of these facts because Lockheed continued to string them along until that announcement. (FAC ¶¶ 81-97.) Plaintiffs allege that Hybrid misappropriated their purported trade secrets by improperly acquiring knowledge through Binns and LMC. (FAC ¶ 108.)

Here, Binns' alleged wrongful acquisition of trade secrets occurred while he was employed by Sky Lift and prior to his resignation on January 22, 2014.  (UMF 103, 104; 4AC ¶¶ 107-108.)  This starts the clock for the three-year statute of limitations unless Plaintiffs did not discover, or despite the exercise of due diligence, could not discover the misappropriation.  In his motion, Binns presents evidence demonstrating that Plaintiffs' claims accrued in January 2014 or, at the very latest, January 2015. The claims may even have accrued by late 2013.  For instance, by October 18, 2013, Sky Lift's principal, Gil Costin, was "having suspicions" about Binns' interactions with LMC, and those suspicions "only increased" throughout the remainder of 2013 and into January 2014. (UMF 38, 39 [undisputed].) Costin admitted that in January 2014, things were tense because LMC had just stated that the deal would not go forward with Sky Lift and that Costin "wanted to sue them." (UMF 50.)

Moreover, Binns told Plaintiffs on January 22, 2014, and January 27, 2014, that he did not believe he had any "continuing obligations" under the confidentiality agreement between Binns and Sky Lift. (UMF 52, 55.) Costin testified that in January 2014, he suspected that Binns had become a "turncoat" and "was going to try to go work with Lockheed Martin directly" for the purpose of developing hybrid airships.  (UMF 53.) Smith, Sky Lift's managing member and PMK, testified that upon receiving Binns' resignation letter in January 2014, he "felt that there was collusion taking place" to use Sky Lift's confidential information, so he sent a cease and desist letter to Binns. (UMF 54 [undisputed].) In the FAC, Plaintiffs allege that this is exactly what Binns subsequently did – provide Sky Lift's proprietary information to LMC for his own advantage. (Id.)

On October 27, 2014, Plaintiffs (through Gil Costin) received an email from LMC telling Plaintiffs that LMC was "pursuing an aircraft sales approach that involves a third-party reseller that is not Millennium/SkyFreighter." (UMF 56.)  On November 3, 2014, Costin wrote that "Lockheed has decided to internally fund the development and marketing of the aircraft and toss us aside from a marketing standpoint thus eliminating our potential sales revenues by demanding that we give our customers to your third-party retailer." (UMF 58.) Cotin believed that "all of [Millennium's and Sky Lift's] sales revenues would evaporate." (UMF 59.)

On December 15, 2014, Plaintiffs learned from an email sent by LMC that Hybrid (headed by Binns) was going to be Lockheed's exclusive reseller. (UMF 60.) Costin immediately forwarded this email to Smith, stating: "LOOK AT THIS BELOW!!!!!!" (UMF 61.) Costin testified that he believed at this time that Plaintiffs had been "sabotaged" by Binns and Lockheed, and that LMC had "kicked [Plaintiffs] to the curb" so that Lockheed, Binns, and Hybrid could "make . . . hundreds of millions," all "without Millennium or Sky Lift," and "potentially using Millennium and Sky Lift's confidential information." (UMF 62, 63.) Costin also testified that he believed then that LMC and Binns had a "scheme to cut Millennium and Sky Lift out of the business" (UF 78.)

On January 2, 2015, Smith sent an email to Costin stating that he was "curious to hear what Binns has to say [about Lockheed's Jan. 2 email] but at this time I can only see legal action going forward." (UMF 64, 66.) On January 3, 2015, Costin wrote about his belief that LMC and Hybrid would "capitalize on our hard work by capturing the lion's share of the money on the sales while doing nothing to earn it." (UMF 67.) Costin testified that when he wrote this, he was "concerned" defendants "were going to use Sky Lift's and Millennium's confidential information" including "customer lists, etc." from Binn (UMF 68) and that it "was essentially a lie that Sky Lift or Millennium would be involved in Lockheed Martin's hybrid airship program" at all (UMF 79).

These undisputed facts demonstrate that at the very latest by January 3, 2015, Plaintiffs knew of their claims against Binns, suspected misappropriation of their trade secrets including the customer lists, knew of the risk of damages, knew of Binns's involvement with Hybrid, knew that Hybrid had an exclusive relationship with Lockheed instead of Plaintiffs, and explicitly contemplated litigation. Plaintiffs were required to file any CUTSA claim within three years of January 3, 2015. Plaintiffs did not file the suit until February 26, 2018.

In fact, the undisputed evidence supports the conclusion that the statute of limitations actually began running almost one-year earlier in January 2014 when Plaintiffs believed that Binns was colluding with LMC and using Sky Lift's trade secrets. (UMF 50, 53, 54.)  As the California Supreme Court noted in Jolly v. Eli Lilly & Co., (1988) 44 Cal. 3d 1103, a plaintiff does not need "to be aware of the specific 'facts' necessary to establish the claim . . .. Once the plaintiff has a suspicion of wrongdoing, and therefore an incentive to sue, she must decide whether to file suit or sit on her rights. So long as suspicion exists, it is clear that the plaintiff must go find the facts; she cannot wait for the facts to find her." (Jolly, 44 Cal. 3d 1112.)  Plaintiffs do not dispute that they had these suspicions of Binns' wrongdoing in January 2014, and as such, they were on notice of potential CUTSA claims.

For these reasons, the Court concludes that Binns has met his burden of establishing a prima facie case that the three-year statute of limitations bars Plaintiffs' CUTSA claims. Plaintiffs must present evidence that contradicts their suspicions of wrongdoing. Plaintiffs fail to do so. Instead, Plaintiffs cite the continued discussions regarding their participation with the hybrid airship project. Specifically, through January 2015 into the summer of 2015, Plaintiffs were encouraged by LMC to collaborate with Hybrid in the sale of hybrid airships and were led to believe they could still sell Lockheed-manufactured hybrid airships with Hybrid as an intermediary, unaware of any specific "exclusive" arrangement between LMC and Hybrid. (UMF 66. 67, 68, 69, 87, 88, 109, 112.) Plaintiffs' argument is that because they believed they could sell LMC-manufactured hybrid aircraft, they had no reason to believe they had been harmed or that Binns was using Plaintiffs' trade secrets to Plaintiffs' detriment. However, these facts do not place into dispute any of the above material facts regarding Plaintiffs being on notice of potential claims by January 2014 or, at the latest, January 2015. Plaintiffs therefore fail to present a material dispute of fact as to whether Plaintiffs knew, or should have known, of the misappropriations prior to February 2015.

Accordingly, Binns's motion for summary adjudication is GRANTED as to the first cause of action.

Third Cause of Action for Breach of Fiduciary Duty

Binns also moves for summary adjudication as to the third cause of action for breach of fiduciary duty. As set forth below, the Court concludes that the three-year statute of limitations applies and bars the breach of fiduciary duty claim.

"The statute of limitations for breach of fiduciary duty is three years or four years, depending on whether the breach is fraudulent or nonfraudulent." (American Master Lease LLC v. Idanta Partners, Ltd. (2014) 225 Cal.App.4th 1451, 1479.) This is rooted in the theory that a plaintiff is not permitted to evade a statute of limitations by artful pleading that labels a cause of action one thing while actually stating another. (Thomson v. Canyon (2011) 198 Cal.App.4th 594, 606.) California courts therefore look to the gravamen of the cause of action. (Ibid.) "To determine the statute of limitations which applies to a cause of action it is necessary to identify the nature of the cause of action, i.e., the gravamen of the cause of action . . . . Accordingly, where the gravamen of the complaint is that defendant's acts constituted actual or constructive fraud, the applicable statute of limitations is the Code of Civil Procedure section 338, subdivision (d) three-year limitations period, governing fraud even though the cause of action is designated by the plaintiff as a claim for breach of fiduciary duty. (Id. at 607, quotations omitted.)

Plaintiff argues that the gravamen of the claim against Binns is that he used his time with Plaintiffs for the purpose of creating his own competing venture to the detriment of Sky Lift. The FAC alleges he achieved this goal through a series of misrepresentations. Notably, the FAC alleges:

> 107. The numerous <u>misrepresentations</u> of material fact <u>made by Lockheed and Binns</u> over the course of a decade that the hybrid airship project would move forward as a joint venture between Lockheed and Millennium at first and then Sky Lift <u>were made with the intent to induce Plaintiffs to provide</u> its business know how, formulas, processes, ideas, strategies, forecasts, market analyses, customer analyses, technical, financial, customer and development plan
>
> 108. As proximate and direct <u>result of the representations</u> and statements of Lockheed to Millennium and Lockheed and <u>Binns to Sky Lift</u>, Plaintiffs did provide Lockheed and <u>Binns</u>, which were ultimately passed onto to Hybrid Enterprises, all of the confidential and trade secret information alleged herein.
>
> […]
>
> 121. Binns breached his fiduciary duty to Sky Lift by (a) soliciting Lockheed as a customer for himself and/or Hybrid Enterprises; (b) competing with Sky Lift by establishing Hybrid Enterprises while still employed by Sky Lift; (c) enticing co-workers away from Sky Lift; and (d) misappropriating Sky Lift's confidential and proprietary information for his own benefit.
>
> 122. As a result of Binns' breach of his fiduciary duty, which involved malice, oppression and <u>fraud</u> and was wanton and deliberate, Sky Lift incurred damages.

(FAC ¶¶ 107, 108, 121-122, emphasis added.) Binns was put into his fiduciary position via alleged fraudulent misrepresentations, gained access to the customers due to such misrepresentations, and established Hybrid by allegedly misappropriating confidential trade secrets he gained by the misrepresentations. Based on the pleadings, the fiduciary duty claim is founded on fraudulent misrepresentations. Plaintiffs fail to provide evidence or legal argument that the crux of the cause is not based on the pled misrepresentations. Moreover, even if the claim arose from non-fraudulent acts by Binns, the Court concludes that Plaintiff knew and/or suspected the breach of fiduciary duty claim in January 2014. (UMF 52-55.)

Therefore, Binn's motion for summary adjudication is GRANTED as to the third cause of action. Accordingly, the motion for summary judgment is also GRANTED.