# EXHIBIT 4

# APRIL 28, 2022 ORDER GRANTING HYBRID'S UNDERLYING MOTION FOR SUMMARY JUDGMENT (ORDER ADOPTING UNDERLYING COURT'S PRIOR TENTATIVE RULING, WITH RULING)

Electronically Received 04/27/2022 06:17 PM

1 Crowell & Moring LLP
   Valerie M. Goo (SBN 187334)
2 VGoo@crowell.com
   Andrew Holmer (SBN 268864)
3 AHolmer@crowell.com
   Uri Niv (SBN 307487)
4 UNiv@crowell.com
   Mariam Sarwar (SBN 329895)
5 Msarwar@crowell.com
   515 South Flower Street, 40th Floor
6 Los Angeles, CA 90071
   Telephone: 213.622.4750
7 Facsimile: 213.622.2690

8 Attorneys for Defendant
   LOCKHEED MARTIN CORPORATION,
9 HYBRID ENTERPRISES, LLC and ROBERT BINNS

FILED
Superior Court of California
County of Los Angeles
04/28/2022
Sherri R. Carter, Executive Officer / Clerk of Court
By: _____ K. Metoyer _____ Deputy

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

| | |
|---|---|
| SKY LIFT AERONAUTICS, LLC, and MILLENNIUM AIRSHIP INC.<br><br>Plaintiffs,<br><br>v.<br><br>LOCKHEED MARTIN CORPORATION, a Maryland corporation, HYBRID ENTERPRISES, LLC, a Delaware limited liability company, KORN/FERRY INTERNATIONAL, INC., a Delaware corporation, and ROBERT BINNS, an individual,<br><br>Defendants. | Case No. SC 128899<br><br>**[PROPOSED] ORDER GRANTING HYBRID ENTERPRISES, LLC'S MOTION FOR SUMMARY JUDGMENT**<br><br>Dept:        M<br>Judge:     Hon. Mark A. Young<br><br>Hearing Date:   April 21, 2022<br>Hearing Time:  8:30 a.m.<br><br>Action Filed:    February 26, 2018<br>Trial Date:       September 19, 2022<br><br>**RES ID:**      **690767785483** |

In their operative Fourth Amended Complaint, Plaintiffs assert a sole cause of action against defendant Hybrid Enterprises, LLC ("Hybrid"). In Count I, Plaintiffs assert a claim against Hybrid for trade secret misappropriation under the California Uniform Trade Secrets Act (Civ. Code § 3426). Hybrid has moved for summary judgment of the entire action asserted against it by Plaintiffs, or in the alternative, summary adjudication of Plaintiffs' sole cause of action against it for misappropriation of trade secrets.

Hybrid's Motion for Summary Judgment, or in the alternative, Summary Adjudication of Plaintiffs Sky Lift Aeronautics, LLC, and Millennium Airship Inc.'s ("Plaintiffs") First Cause of Action for a Violation of California Uniform Trade Secrets Act (CUTSA) ("Motion") came regularly for hearing on April 21, 2022. In advance of the April 21, 2022 hearing, the Court provided the parties with a tentative order on Hybrid's Motion, which is attached hereto as **Exhibit A** ("Tentative Order"). At the April 21, 2022 hearing, and with the benefit of the Court's Tentative Order, Counsel for Hybrid presented oral argument in support of the motion, and counsel for Plaintiffs presented oral argument in opposition to the motion.

After full consideration of the evidence and points and authorities submitted by Hybrid and Plaintiffs, and oral arguments of counsel, the Court adopts its Tentative Order, attached hereto as **Exhibit A**, as the Final Order of the Court on Hybrid's Motion, with the following modification:

- The Tentative Order at Exhibit A, page 3, sixth paragraph, second sentence is modified to read as follows (modified text bolded):
    - "For example, by October 18, 2013, Sky Lift's principal, **Michael Smith**, was 'having suspicions' about Binns's interactions with Lockheed, and those suspicions 'only increased' throughout the remainder of 2013 and into January 2014. (UMF 38, 39 [undisputed].)"

So modified, the Tentative Order attached hereto as **Exhibit A** shall constitute the Final Order of the Court on Hybrid's motion. Therefore,

**IT IS THEREFORE HEREBY ORDERED THAT:**

1. The Tentative Order attached hereto as Exhibit A, as modified above, is hereby

1            adopted and entered as the Final Order of the Court on Hybrid's Motion;

2      2.      Summary judgment of the entire action as to Hybrid is hereby **GRANTED** in favor of Hybrid on the following grounds:

           a.      Hybrid is entitled to summary judgment as to Plaintiffs' Fourth Amended Complaint because the uncontroverted evidence establishes that Plaintiffs' sole cause of action against Hybrid for Violation of California's Uniform Trade Secrets Act is barred by the applicable three-year statute of limitations as a matter of law because Plaintiffs were on notice of their claims against Hybrid by January 3, 2015, at the very latest, but did not file suit until February 26, 2018. Ex. A, pp. 4-5.

3.      Hybrid's Motion on the alternative ground that Plaintiffs' failed to identify a cognizable trade secret, and the related Joinders in Hybrid's Motion filed by defendants Lockheed Martin Corporation and Robert Binns, are **DENIED** for the reasons stated in the Tentative Order. Ex. A, p. 5;

4.      Because the grounds for summary judgment as to Hybrid set forth in **Exhibit A** are sufficient to enter summary judgment of the entire action as to Hybrid, the Court declines to reach the remaining alternative grounds for summary judgment and/or summary adjudication asserted by Hybrid in its Motion.

**IT IS SO ORDERED.**

Dated: 04/28/2022

_____
HON. MARK A. YOUNG
JUDGE OF THE SUPERIOR COURT

CROWELL & MORING LLP
ATTORNEYS AT LAW

3      CASE NO. SC128899

[PROPOSED] ORDER GRANTING HYBRID ENTERPRISES, LLC'S MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, MOTION FOR SUMMARY ADJUDICATION

# EXHIBIT A

DEPARTMENT M LAW AND MOTION RULINGS

Case Number: SC128899    Hearing Date: April 21, 2022    Dept: M

CASE NAME:    Sky Lift Aeronautics, et al., v. Lockheed Martin Corp., et al.
CASE NO.:     SC128899
MOTION:       (1) Motion for Summary Judgment/Adjudication by Defendant Hybrid Enterprise
              (2) Joinder by Lockheed Martin Corp.
              (3) Joinder by Robert Binns
HEARING DATE: 4/21/2022

## BACKGROUND

On February 26, 2018, Plaintiffs Sky Aeronautics LLC and Millennium Airship Inc. filed the instant trade secrets action against Defendants Lockheed Martin Corp. (LMC), Hybrid Enterprises LLC, Korn/Ferry International Inc., and Robert Binns.

The operative Fourth Amended Complaint (FAC) states seven causes of action for: 1) violation of the California Uniform Trade Secrets Act ("CUTSA") (against all Defendants, except Ferry); 2) Breach of the Proprietary Information Agreement against Lockheed by Sky Lift); 3) Breach of Fiduciary Duty (against Binns by Sky Lift); 4) Breach of the Implied Covenant of Good Faith and Fair Dealing (against Lockheed and Korn Ferry by Sky Lift); 5) Promissory Estoppel (against Lockheed); 6) Breach of Contract (against Ferry by Sky Lift); and 7) Breach of Proprietary Information Agreement (against Lockheed by Millennium).

On February 4, 2022, Hybrid filed a motion for summary judgment/adjudication. Defendants Binn and Lockheed joined only as to the third ground presented by Hybrid: that none of Plaintiffs' asserted trade secrets qualify as a trade secret as a matter of law.

## SEALING ISSUE

Defendants and Plaintiffs have lodged portions of the papers and evidence conditionally under seal. Defendants filed their papers conditionally under seal, pursuant to California Rules of Court, rule 2.551(b)(3)(A) (procedure for party not intending to file application). Plaintiffs failed to file a motion or an application to seal these records within 10 days or to obtain a court order extending the time to file such a motion or an application. (Cal. Rule Court, Rule 2.551(b)(3)(B).) The Clerk will therefore transfer all the lodged documents to the public file.

## LEGAL STANDARD

A party may move for summary judgment in any action or proceeding if it is contended that the action has no merit or that there is no defense to the action or proceeding. (Code Civ. Proc., § 437c(a).) "The purpose of the law of summary judgment is to provide courts with a

mechanism to cut through the parties' pleadings in order to determine whether, despite their allegations, trial is in fact necessary to resolve their dispute." (Aguilar v. Atlantic Richfield Co. (2001) 25 Cal.4th 826, 843.)

"A party may move for summary adjudication as to one or more causes of action within an action, one or more affirmative defenses, one or more claims for damages, or one or more issues of duty, if the party contends that the cause of action has no merit, that there is no affirmative defense to the cause of action, that there is no merit to an affirmative defense as to any cause of action, that there is no merit to a claim for damages, as specified in Section 3294 of the Civil Code, or that one or more defendants either owed or did not owe a duty to the plaintiff or plaintiffs." (Code Civ. Proc., § 437c(f)(1).) If a party seeks summary adjudication as an alternative to a request for summary judgment, the request must be clearly made in the notice of the motion. (Gonzales v. Superior Court (1987) 189 Cal.App.3d 1542, 1544.) "[A] party may move for summary adjudication of a legal issue or a claim for damages other than punitive damages that *does not completely dispose* of a cause of action, affirmative defense, or issue of duty pursuant to" subdivision (t). (Code Civ. Proc., § 437c(t).)

To prevail, the evidence submitted must show there is no triable issue as to any material fact and that the moving party is entitled to judgment as a matter of law. (Code Civ. Proc., § 437c(c).) The motion cannot succeed unless the evidence leaves no room for conflicting inferences as to material facts; the court has no power to weigh one inference against another or against other evidence. (Murillo v. Rite Stuff Food Inc. (1998) 65 Cal.App.4th 833, 841.) In determining whether the facts give rise to a triable issue of material fact, "[a]ll doubts as to whether any material, triable, issues of fact exist are to be resolved in favor of the party opposing summary judgment…" (Gold v. Weissman (2004) 114 Cal.App.4th 1195, 1198-99.) "In other words, the facts alleged in the evidence of the party opposing summary judgment and the reasonable inferences there from must be accepted as true." (Jackson v. County of Los Angeles (1997) 60 Cal.App.4th 171, 179.) However, if adjudication is otherwise proper the motion "may not be denied on grounds of credibility," except when a material fact is the witness's state of mind and "that fact is sought to be established solely by the [witness's] affirmation thereof." (Code Civ. Proc., § 437c(e).)

Once the moving party has met their burden, the burden shifts to the opposing party "to show that a triable issue of one or more material facts exists as to that cause of action or a defense thereto." (Code Civ. Proc., § 437c(p)(1).) "[T]here is no obligation on the opposing party... to establish anything by affidavit unless and until the moving party has by affidavit stated facts establishing every element... necessary to sustain a judgment in his favor." (Consumer Cause, Inc. v. SmileCare (2001) 91 Cal.App.4th 454, 468.)

"The pleadings play a key role in a summary judgment motion. The function of the pleadings in a motion for summary judgment is to delimit the scope of the issues and to frame the outer measure of materiality in a summary judgment proceeding." (Hutton v. Fidelity National Title Co. (2013) 213 Cal.App.4th 486, 493, quotations and citations omitted.) "Accordingly, the burden of a defendant moving for summary judgment only requires that he or she negate plaintiff's theories of liability *as alleged in the complaint*; that is, a moving party need not refute liability on some theoretical possibility not included in the pleadings." (Ibid.)

## EVIDENTIARY ISSUES

Hybrid submitted 50 objections to the evidence submitted by Plaintiffs. The Court rules as follows:
Objection numbers 1-13, 17-19, 21, 23, 30, 31, 35-37, 42, 44, 46, 47, and 49-50 are sustained.
All other objections are overruled.

## ANALYSIS

Statute of Limitations

The Court concludes that Plaintiffs' first cause of action under CUTSA against Hybrid is barred by the statute of limitations. "Generally, a cause of action accrues and the statute of limitation begins to run when a suit may be maintained. Ordinarily this is when the wrongful act is done and the obligation or the liability arises . . . . In other words, a cause of action accrues upon the occurrence of the last element essential to the cause of action." (Cobb v. City of Stockton (2011) 192 Cal.App.4th 65, 72-73, citations and quotation omitted.)

Under the Discovery Rule, the statute of limitations begins to run when the plaintiff discovers or reasonably should have discovered the facts giving rise to the cause of action. (Mills v. Forestex Co. (2003) 108 Cal.App.4th 625, 642-43.) In other words, the limitations period begins to run when the circumstances are sufficient to raise a suspicion of wrongdoing, or when a plaintiff has notice or information of circumstances sufficient to put a reasonable person on inquiry. (Id. at 648-49.) A plaintiff need not be aware of every fact necessary to establish a cause of action; a plaintiff who has a reason to suspect that someone has done something wrong has an incentive to sue and that is sufficient for statute of limitations purposes. (Jolly v. Eli Lilly Co. (1988) 44 Cal. 3d 1103, 1111 [plaintiff's admission that "she wanted to 'make a claim'" triggered the limitations period].)

"When a plaintiff reasonably should have discovered facts for purposes of the accrual of a case of action or application of the delayed discovery rule is generally a question of fact, properly decided as a matter of law only if the evidence . . . can support only one reasonable conclusion." (Broberg v. The Guardian Life Ins. Co. of America (2009) 171 Cal.App.4th 912, 921.) For summary adjudication, the issue is whether the undisputed facts support the inference that the plaintiff should have known or suspected the injury and wrongful cause outside of the applicable limitations period. (Cleveland v. Internet Specialties West, Inc. (2009) 171 Cal.App.4th 24, 31; see Glue-Fold, Inc. v. Slautterback Corp. (2000) 82 Cal.App.4th 1018, 1024-1028 [re: discovery of trade secret claim]; see also Cypress Semiconductor Corp. v. Superior Court (2009) 163 Cal. App. 4th 575, 579 [limitations begins to run when "plaintiff has any reason to suspect that the third party knows or reasonably should know that the information is a trade secret."].)

Civil Code section 3426.6 provides that a misappropriation action under CUTSA "must be brought within three years after the misappropriation is discovered or by the exercise of reasonable diligence should have been discovered." A claim for misappropriation of a trade secret arises for a given plaintiff against a given defendant only once, at the time of the initial misappropriation. (Cadence Design Sys., Inc. v. Avant! Corp. (2002) 29 Cal.4th 215, 223; see Civ. Code § 3426.6.)

The FAC alleges that Plaintiffs discovered the scheme when on March 30, 2016, Sky Lift learned that Lockheed had no intention of including Plaintiffs on the project. At that time, Lockheed announced that it and Hybrid Enterprises had signed a letter of intent with Straightline Aviation Ltd. for the purchase of hybrid airships. (FAC ¶ 98.) Plaintiffs claim that they were previously unaware of these facts because Lockheed continued to string them along until that announcement. (FAC ¶¶ 81-97.) Plaintiffs allege that Hybrid misappropriated their purported trade secrets by improperly acquiring knowledge through Binns and LMC. (FAC ¶ 108.)

In their motion, Hybrid presents evidence demonstrating that Plaintiffs' claims accrued in 2014 or, at the latest by January 2015. For example, by October 18, 2013, Sky Lift's principal, Gil Costin, was "having suspicions" about Binns's interactions with Lockheed, and those suspicions "only increased" throughout the remainder of 2013 and into January 2014. (UMF 38, 39 [undisputed].) Costin admitted that in January 2014, things were tense because LMC had just stated that the deal would not go forward with Sky Lift and that Costin "wanted to sue them." (UMF 50.)

  Moreover, Defendant Binn told Plaintiffs on January 22, 2014 and January 27, 2014, that he did not believe he had any "continuing obligations" under the confidentiality agreement between Binns and Sky Lift. (UMF 52, 55.) Costin testified that in January 2014, he suspected that Binns had become a "turncoat" and "was going to try to go work with Lockheed Martin directly" for the purpose of developing hybrid airships. (UMF 53.) Smith, Sky Lift's managing member and PMK, testified that upon receiving Binns' resignation letter in January 2014, he "felt that there was collusion taking place" to use Sky Lift's confidential information, so he sent a cease and desist letter to Binns. (UMF 54 [undisputed].) In the FAC, Plaintiffs allege that this is exactly what Binns subsequently did – provide Sky Lift's proprietary information to LMC for his own advantage. (Id.)

  On October 27, 2014, Plaintiffs (through Gil Costin) received an email from LMC telling Plaintiffs that LMC was "pursuing an aircraft sales approach that involves a third-party reseller that is not Millennium/SkyFreighter." (UMF 56.) On November 3, 2014, Costin wrote that "Lockheed has decided to internally fund the development and marketing of the aircraft and toss us aside from a marketing standpoint thus eliminating our potential sales revenues by demanding that we give our customers to your third-party retailer." (UMF 58.) Cotin believed that "all of [Millennium's and Sky Lift's] sales revenues would evaporate." (UMF 59.)

  On December 15, 2014, Plaintiffs learned from an email sent by LMC that Hybrid (headed by Binns) was going to be Lockheed's exclusive reseller. (UMF 60.) Costin immediately forwarded this email to Smith, stating: "LOOK AT THIS BELOW!!!!!!" (UMF 61.) Costin testified that he believed at this time that Plaintiffs had been "sabotaged" by Binns and Lockheed, and that LMC had "kicked [Plaintiffs] to the curb" so that Lockheed, Binns, and Hybrid could "make . . . hundreds of millions," all "without Millennium or Sky Lift," and "potentially using Millennium and Sky Lift's confidential information." (UMF 62, 63.) Costin also testified that he believed then that LMC and Binns had a "scheme to cut Millennium and Sky Lift out of the business" (UF 78.)

  On January 2, 2015, Costin received an email from Lockheed, which said they "do not see another opportunity for your company in LM's hybrid airship initiative at this time outside of a possible collaboration with Hybrid Enterprises." (UMF 66.) On January 3, 2015, Costin wrote about his belief that LMC and Hybrid would "to capitalize on our hard work by capturing the lion's share of the money on the sales while doing nothing to earn it." (UMF 67.) Costin testified that when he wrote this, he was "concerned" defendants "were going to use Sky Lift's and Millennium's confidential information" including "customer lists, etc." (UMF 68) and that it "was essentially a lie that Sky Lift or Millennium would be involved in Lockheed Martin's hybrid airship program" at all (UMF 79).

  These undisputed facts demonstrate that by January 3, 2015 -- at the very latest -- Plaintiffs knew of their claims against Hybrid, suspected misappropriation of their trade secrets including the customer lists, knew of the risk of damages, knew of Hybrid's existence, knew that Hybrid had an exclusive relationship with LMC instead of Plaintiffs, and explicitly contemplated litigation. Plaintiffs were required to file any CUTSA claim within three years of January 3, 2015. Plaintiffs did not file the suit until February 26, 2018.

  Therefore, Defendant Hybrid has met their burden of establishing a prima facie case that the three-year statute of limitations bars Plaintiffs' CUTSA claims. Plaintiffs must present evidence that contradicts this knowledge. Plaintiffs fail to do so. Instead, Plaintiffs cite the continued discussions regarding their participation with the hybrid airship project. Specifically, through January 2015 into the summer of 2015, Plaintiffs were encouraged by LMC to collaborate with Hybrid in the sale of hybrid airships and were led to believe they could still sell Lockheed-manufactured hybrid airships with Hybrid as an intermediary, unaware of any specific "exclusive" arrangement between LMC and Hybrid. (SSUF 66. 67, 68, 69, 87, 88, 109, 112.) Plaintiffs reason that because they believed they could sell LMC-manufactured hybrid aircraft, they had no reason to believe they had been harmed or that Hybrid was using Plaintiffs' trade secrets to Plaintiffs' detriment. However, these facts do not place into dispute any of the above material facts regarding Plaintiff's suspicions and beliefs from 2014 until January 2015, which triggers the statutory

period. Plaintiffs therefore fail to present a material dispute of fact as to whether Plaintiffs reasonably should not have known of the misappropriations prior to February 2015.

     Accordingly, Hybrid's motion for summary judgment is GRANTED as to the first cause of action. As a result, the Court does not address Hybrid's additional argument regarding damages.

Trade Secrets

     Hybrid third ground for their motion was that Plaintiffs' asserted trade secrets did not qualify as a trade secret as a matter of law. Defendants LMC and Binns joined on this issue.

     As defined by CUTSA, a "Trade Secret" "means information, including a formula, pattern, compilation, program, device, method, technique, or process, that: (1) Derives independent economic value, actual or potential, from not being generally known to the public or to other persons who can obtain economic value from its disclosure or use; and (2) *Is the subject of efforts that are reasonable under the circumstances to maintain its secrecy*." (Civ. Code, § 3426.1(d) [emphasis added].) "Under the UTSA, a prima facie claim for misappropriation of trade secrets requires the plaintiff to demonstrate: (1) the plaintiff owned a trade secret, (2) the defendant acquired, disclosed, or used the plaintiff's trade secret through improper means, and (3) the defendant's actions damaged the plaintiff. [Citations omitted.]" (Sargent Fletcher, Inc. v. Able Corp. (2003) 110 Cal.App.4th 1658, 1665–1666.) Trade secret identifications must be sufficiently "adequate to permit [Defendants] to investigate whether [the] alleged trade secrets were within the public domain and prepare a defense." (Brescia v. Angelin (2009) 172 Cal.App.4th 133, 151. "As reflected in case law decided under the California statute, the determination of whether a claim is based on trade secret misappropriation is largely factual. [Citations.]" (Angelica Textile Services, Inc. v. Park (2013) 220 Cal.App.4th 495, 505.)

     Customer lists are not a protectable trade secret when the "compilation process" was "neither sophisticated nor difficult nor particularly time consuming." (Am. Paper & Packaging Prods., Inc. v. Kirgan, (1986) 183 Cal.App.3d 1318, 1326.) As such, the identity of a customer that "certainly would be known or readily ascertainable to other persons" in the industry cannot qualify for trade secret protection. (Id.)

     Defendants argued that the eight trade secrets identified by Plaintiffs were not, in fact, trade secrets as defined by CUTSA. As the parties are aware, the Court cannot grant summary adjudication as to a portion of a cause of action, and therefore, if Defendants fail to meet their burden as to even 1 of the 8 trade secrets, their motion fails. As to trade secret no. 3, Defendants failed to meet their burden, and therefore, the Court only addresses that issue. As to that trade secret, Defendants provide that World Cargo Alliance created the list of 1,103 logistics companies that would be potential customers, and subsequently gave Plaintiffs the document. (UMF 93-94.) These facts, however, do not establish that Plaintiff did not own this trade secret even if they did not create it. Defendants also fail to address the other elements of what constitutes a trade secret or the misappropriation of that trade secret. Therefore, Defendants have failed to meet their burden on summary adjudication. While the burden did not shift, Plaintiffs also presented evidence that this list was created by a trade group at Plaintiffs' behest and for Plaintiffs' benefit. As such, there is a question of fact as to whether this list derives independent economic value from not being generally known to the public or to other person who could derive economic value from this list, such as LMC.

     Since Defendants would not prevail on the entire cause of action, the motion for summary adjudication is denied as to this issue, which results in the denial of LMC's and Binn's joinder.