# EXHIBIT 5

# APRIL 29, 2022 UNDERLYING RULING ON LMC'S MOTION FOR SUMMARY JUDGMENT

326037614v.1

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
West District, Santa Monica Courthouse, Department M

**SC128899**                                                                                                  April 29, 2022
**SKY LIFT AERONAUTICS, LLC VS LOCKHEED MARTIN**                2:44 PM
**CORP., ET AL**

Judge: Honorable Mark A. Young              CSR: None
Judicial Assistant: K. Metoyer                  ERM: None
Courtroom Assistant: None                      Deputy Sheriff: None

APPEARANCES:

For Plaintiff(s): No Appearances

For Defendant(s): No Appearances

**NATURE OF PROCEEDINGS:** Ruling on Submitted Matter

The Court, having taken the matter under submission on 04/28/2022 for Hearing on Motion for Summary Judgment (filed by Lockheed Corp.), now rules as follows:

BACKGROUND

On February 26, 2018, Plaintiffs Sky Aeronautics LLC and Millennium Airship Inc. filed the instant trade secrets action against Defendants Lockheed Martin Corp. (LMC), Hybrid Enterprises LLC, Korn/Ferry International Inc., and Robert Binns.

The operative Fourth Amended Complaint (FAC) states seven causes of action for: 1) violation of the California Uniform Trade Secrets Act ("CUTSA") (against all Defendants, except Ferry); 2) Breach of the Proprietary Information Agreement against Lockheed by Sky Lift); 3) Breach of Fiduciary Duty (against Binns by Sky Lift); 4) Breach of the Implied Covenant of Good Faith and Fair Dealing (against Lockheed and Korn Ferry by Sky Lift); 5) Promissory Estoppel (against Lockheed); 6) Breach of Contract (against Ferry by Sky Lift); and 7) Breach of Proprietary Information Agreement (against Lockheed by Millennium).

On February 10, 2022, Lockheed filed a motion for summary judgment/adjudication. Plaintiffs oppose the motion

SEALING ISSUE

The same sealing issue previously noted as to Hybrid's motion is present here. Defendants and Plaintiffs have lodged portions of the papers and evidence conditionally under seal. Defendants filed their papers conditionally under seal, pursuant to California Rules of Court, rule 2.551(b)(3)(A) (procedure for party not intending to file application). Plaintiffs failed to file a

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
### Civil Division
West District, Santa Monica Courthouse, Department M

**SC128899**                                                                                   April 29, 2022
**SKY LIFT AERONAUTICS, LLC VS LOCKHEED MARTIN**              2:44 PM
**CORP., ET AL**

Judge: Honorable Mark A. Young              CSR: None
Judicial Assistant: K. Metoyer                  ERM: None
Courtroom Assistant: None                     Deputy Sheriff: None

---

motion or an application to seal these records within 10 days or to obtain a court order extending the time to file such a motion or an application. (Cal. Rule Court, Rule 2.551(b)(3)(B).) The Clerk will therefore transfer all the lodged documents to the public file.

LEGAL STANDARD

A party may move for summary judgment in any action or proceeding if it is contended that the action has no merit or that there is no defense to the action or proceeding. (Code Civ. Proc., § 437c(a).) "The purpose of the law of summary judgment is to provide courts with a mechanism to cut through the parties' pleadings in order to determine whether, despite their allegations, trial is in fact necessary to resolve their dispute." (Aguilar v. Atlantic Richfield Co. (2001) 25 Cal.4th 826, 843.)

"A party may move for summary adjudication as to one or more causes of action within an action, one or more affirmative defenses, one or more claims for damages, or one or more issues of duty, if the party contends that the cause of action has no merit, that there is no affirmative defense to the cause of action, that there is no merit to an affirmative defense as to any cause of action, that there is no merit to a claim for damages, as specified in Section 3294 of the Civil Code, or that one or more defendants either owed or did not owe a duty to the plaintiff or plaintiffs." (Code Civ. Proc., § 437c(f)(1).) If a party seeks summary adjudication as an alternative to a request for summary judgment, the request must be clearly made in the notice of the motion. (Gonzales v. Superior Court (1987) 189 Cal.App.3d 1542, 1544.) "[A] party may move for summary adjudication of a legal issue or a claim for damages other than punitive damages that does not completely dispose of a cause of action, affirmative defense, or issue of duty pursuant to" subdivision (t). (Code Civ. Proc., § 437c(t).)

To prevail, the evidence submitted must show there is no triable issue as to any material fact and that the moving party is entitled to judgment as a matter of law. (Code Civ. Proc., § 437c(c).) The motion cannot succeed unless the evidence leaves no room for conflicting inferences as to material facts; the court has no power to weigh one inference against another or against other evidence. (Murillo v. Rite Stuff Food Inc. (1998) 65 Cal.App.4th 833, 841.) In determining whether the facts give rise to a triable issue of material fact, "[a]ll doubts as to whether any material, triable, issues of fact exist are to be resolved in favor of the party opposing summary judgment…" (Gold v. Weissman (2004) 114 Cal.App.4th 1195, 1198-99.) "In other words, the facts alleged in the evidence of the party opposing summary judgment and the reasonable inferences there from must be accepted as true." (Jackson v. County of Los Angeles (1997) 60 Cal.App.4th 171, 179.) However, if adjudication is otherwise proper the motion "may not be

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
### Civil Division
West District, Santa Monica Courthouse, Department M

| | |
|---|---|
| **SC128899** | April 29, 2022 |
| **SKY LIFT AERONAUTICS, LLC VS LOCKHEED MARTIN CORP., ET AL** | 2:44 PM |

| | |
|---|---|
| Judge: Honorable Mark A. Young | CSR: None |
| Judicial Assistant: K. Metoyer | ERM: None |
| Courtroom Assistant: None | Deputy Sheriff: None |

denied on grounds of credibility," except when a material fact is the witness's state of mind and "that fact is sought to be established solely by the [witness's] affirmation thereof." (Code Civ. Proc., § 437c(e).)

Once the moving party has met their burden, the burden shifts to the opposing party "to show that a triable issue of one or more material facts exists as to that cause of action or a defense thereto." (Code Civ. Proc., § 437c(p)(1).) "[T]here is no obligation on the opposing party... to establish anything by affidavit unless and until the moving party has by affidavit stated facts establishing every element... necessary to sustain a judgment in his favor." (Consumer Cause, Inc. v. SmileCare (2001) 91 Cal.App.4th 454, 468.)

"The pleadings play a key role in a summary judgment motion. The function of the pleadings in a motion for summary judgment is to delimit the scope of the issues and to frame the outer measure of materiality in a summary judgment proceeding." (Hutton v. Fidelity National Title Co. (2013) 213 Cal.App.4th 486, 493, quotations and citations omitted.) "Accordingly, the burden of a defendant moving for summary judgment only requires that he or she negate plaintiff's theories of liability as alleged in the complaint; that is, a moving party need not refute liability on some theoretical possibility not included in the pleadings." (Ibid.)

ANALYSIS

First Cause of Action for CUTSA

The Court concludes that Plaintiffs' first cause of action under CUTSA against LMC is barred by the statute of limitations for the same reasons discussed in Defendants Hybrid's and Binn's motions for summary judgment/adjudication. "Generally, a cause of action accrues and the statute of limitation begins to run when a suit may be maintained. Ordinarily this is when the wrongful act is done and the obligation or the liability arises... In other words, a cause of action accrues upon the occurrence of the last element essential to the cause of action." (Cobb v. City of Stockton (2011) 192 Cal.App.4th 65, 72-73, citations and quotation omitted.)

Under the Discovery Rule, the statute of limitations begins to run when the plaintiff discovers or reasonably should have discovered the facts giving rise to the cause of action. (Mills v. Forestex Co. (2003) 108 Cal.App.4th 625, 642-43.) In other words, the limitations period begins to run when the circumstances are sufficient to raise a suspicion of wrongdoing, or when a plaintiff has notice or information of circumstances sufficient to put a reasonable person on inquiry. (Id. at 648-49.) A plaintiff need not be aware of every fact necessary to establish a cause of action; a

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
Civil Division
West District, Santa Monica Courthouse, Department M

SC128899 April 29, 2022
SKY LIFT AERONAUTICS, LLC VS LOCKHEED MARTIN 2:44 PM
CORP., ET AL

Judge: Honorable Mark A. Young   CSR: None
Judicial Assistant: K. Metoyer   ERM: None
Courtroom Assistant: None        Deputy Sheriff: None

---

plaintiff who has a reason to suspect that someone has done something wrong has an incentive to sue and that is sufficient for statute of limitations purposes. (Jolly v. Eli Lilly Co. (1988) 44 Cal. 3d 1103, 1111 [plaintiff's admission that "she wanted to 'make a claim'" triggered the limitations period].) A plaintiff has the "burden of demonstrating their entitlement to delayed accrual of their causes of action." (NBC Universal Media, LLC v. Superior Court, (2014) 225 Cal. App. 4th1222, 1232.

"When a plaintiff reasonably should have discovered facts for purposes of the accrual of a case of action or application of the delayed discovery rule is generally a question of fact, properly decided as a matter of law only if the evidence . . . can support only one reasonable conclusion." (Broberg v. The Guardian Life Ins. Co. of America (2009) 171 Cal.App.4th 912, 921.) For summary adjudication, the issue is whether the undisputed facts support the inference that the plaintiff should have known or suspected the injury and wrongful cause outside of the applicable limitations period. (Cleveland v. Internet Specialties West, Inc. (2009) 171 Cal.App.4th 24, 31; see Glue-Fold, Inc. v. Slautterback Corp. (2000) 82 Cal.App.4th 1018, 1024-1028 [re: discovery of trade secret claim]; see also Cypress Semiconductor Corp. v. Superior Court (2009) 163 Cal. App. 4th 575, 579 [limitations begins to run when "plaintiff has any reason to suspect that the third party knows or reasonably should know that the information is a trade secret."].)

Civil Code section 3426.6 provides that a misappropriation action under CUTSA "must be brought within three years after the misappropriation is discovered or by the exercise of reasonable diligence should have been discovered." A claim for misappropriation of a trade secret arises for a given plaintiff against a given defendant only once, at the time of the initial misappropriation. (Cadence Design Sys., Inc. v. Avant! Corp. (2002) 29 Cal.4th 215, 223; see Civ. Code § 3426.6.)

The FAC alleges that Plaintiffs discovered the scheme when on March 30, 2016, Sky Lift learned that LMC had no intention of including Plaintiffs on the project. At that time, LMC announced that it and Hybrid Enterprises had signed a letter of intent with Straightline Aviation Ltd. for the purchase of hybrid airships. (FAC ¶ 98.) Plaintiffs claim that they were previously unaware of these facts because LMC continued to string them along until that announcement. (FAC ¶¶ 81-97.) Plaintiffs allege that Hybrid misappropriated their purported trade secrets by improperly acquiring knowledge through Binns and LMC. (FAC ¶ 108.)

The FAC sets forth two separate wrongful acquisitions of Plaintiff's trade secrets by LMC. First, Plaintiffs allege that LMC wrongfully acquired trade secrets from Robert Binns while Binns was employed at Sky Lift and prior to his resignation on January 22, 2014. (UMF 103, 104; 4AC ¶¶

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
**Civil Division**
West District, Santa Monica Courthouse, Department M

**SC128899** April 29, 2022
**SKY LIFT AERONAUTICS, LLC VS LOCKHEED MARTIN** 2:44 PM
**CORP., ET AL**

Judge: Honorable Mark A. Young     CSR: None
Judicial Assistant: K. Metoyer     ERM: None
Courtroom Assistant: None     Deputy Sheriff: None

---

107-108.) Second, Plaintiffs also allege that LMC – prior to Binns arrival – misappropriated Plaintiffs' trade secrets "over the course of a decade" through false promises that LMC's hybrid airship program would move forward with Plaintiffs as a joint venture with Plaintiffs obtaining "exclusive rights to the Hybrid Airship" from LMC. (4AC ¶¶ 105-107.) For the purpose of this motion, the Court focuses on Binns' actions with LMC, which would start the clock for the three-year statute of limitations unless Plaintiffs did not discover, or despite the exercise of due diligence, could not discover this misappropriation. As set forth herein, the undisputed evidence demonstrates that Sky Lift's principal, Gil Costin, and its managing member, Michael Smith, believed that Defendant Binns had shared Plaintiffs' trade secrets with LMC as early as October 2013. LMC's evidence demonstrates that while suspicions first arose in late 2013, these claims had accrued in 2014, or at the latest, by January 2015.

For instance, by October 18, 2013, Sky Lift's principal, Gil Costin, was "having suspicions" about Binns's interactions with LMC, and those suspicions "only increased" throughout the remainder of 2013 and into January 2014. (UMF 40-41 [undisputed].) Costin admitted that in January 2014, things were tense because LMC had just stated that the deal would not go forward with Sky Lift and that Costin "wanted to sue them." (UMF 49.) Moreover, Binns told Plaintiffs on January 22, 2014, and January 27, 2014, that he did not believe he had any "continuing obligations" under the confidentiality agreement between Binns and Sky Lift. (UMF 52, 55.) Costin testified that in January 2014, he suspected that Binns had become a "turncoat" and "was going to try to go work with Lockheed Martin directly" for the purpose of developing hybrid airships. (UMF 53.) Smith, Sky Lift's managing member and PMK, testified that upon receiving Binns' resignation letter in January 2014, he "felt that there was collusion taking place" to use Sky Lift's confidential information, so he sent a cease and desist letter to Binns. (UMF 54 [undisputed].) In the FAC, Plaintiffs allege that this is exactly what Binns subsequently did – provide Sky Lift's proprietary information to LMC for his own advantage. (Id.)

On October 27, 2014, Plaintiffs (through Gil Costin) received an email from LMC telling Plaintiffs that LMC was "pursuing an aircraft sales approach that involves a third-party reseller that is not Millennium/SkyFreighter." (UMF 58.) On November 3, 2014, Costin wrote that "Lockheed has decided to internally fund the development and marketing of the aircraft and toss us aside from a marketing standpoint thus eliminating our potential sales revenues by demanding that we give our customers to your third-party retailer." (UMF 60.) Costin believed that "all of [Millennium's and Sky Lift's] sales revenues would evaporate." (UMF 61.)

On December 15, 2014, Plaintiffs learned from an email sent by LMC that Hybrid (headed by Binns) was going to be Lockheed's exclusive reseller. (UMF 63.) Costin immediately forwarded

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
**Civil Division**
West District, Santa Monica Courthouse, Department M

| | |
|---|---|
| **SC128899** | April 29, 2022 |
| **SKY LIFT AERONAUTICS, LLC VS LOCKHEED MARTIN CORP., ET AL** | 2:44 PM |

Judge: Honorable Mark A. Young          CSR: None
Judicial Assistant: K. Metoyer           ERM: None
Courtroom Assistant: None                Deputy Sheriff: None

---

this email to Smith, stating: "LOOK AT THIS BELOW!!!!!!" (UMF 64.) Costin testified that he believed at this time that Plaintiffs had been "sabotaged" by Binns and LMC, and that LMC had "kicked [Plaintiffs] to the curb" so that LMC, Binns, and Hybrid could "make . . . hundreds of millions," all "without Millennium or Sky Lift," and "potentially using Millennium and Sky Lift's confidential information." (UMF 65, 66.) Costin also testified that he believed then that LMC and Binns had a "scheme to cut Millennium and Sky Lift out of the business." (UMF 84.) As of this date, Plaintiffs knew that Hybrid was LMC's exclusive reseller and that it was a lie that Plaintiffs would be involved in LMC's hybrid airship program.

Furthermore, on January 2, 2015, Smith sent an email to Costin stating that he was "curious to hear what Binns has to say [about Lockheed's Jan. 2 email] but at this time I can only see legal action going forward." (UMF 69, 70.) On January 3, 2015, Costin wrote about his belief that LMC and Hybrid would "to capitalize on our hard work by capturing the lion's share of the money on the sales while doing nothing to earn it." (UMF 72.) Costin testified that when he wrote this, he was "concerned" defendants "were going to use Sky Lift's and Millennium's confidential information" including "customer lists, etc." from Binn (UMF 73) and that it "was essentially a lie that Sky Lift or Millennium would be involved in Lockheed Martin's hybrid airship program" at all (UMF 84).

These undisputed facts demonstrate that by January 3, 2015 -- at the very latest -- Plaintiffs knew of their claims against LMC, suspected misappropriation of their trade secrets including the customer lists by Binns, knew of the risk of damages, knew of Binns's involvement with Hybrid, knew that Hybrid had an exclusive relationship with LMC instead of Plaintiffs, and explicitly contemplated litigation based upon a belief that Binns had shared their confidential information with LMC. Plaintiffs were required to file any CUTSA claim within three years of January 3, 2015. Plaintiffs did not file the suit until February 26, 2018. As the California Supreme Court noted in Jolly v. Eli Lilly & Co., (1988) 44 Cal. 3d 1103, a plaintiff does not need "to be aware of the specific 'facts' necessary to establish the claim . . .. Once the plaintiff has a suspicion of wrongdoing, and therefore an incentive to sue, she must decide whether to file suit or sit on her rights. So long as suspicion exists, it is clear that the plaintiff must go find the facts; she cannot wait for the facts to find her." (Jolly, 44 Cal. 3d 1112.) Plaintiffs do not dispute that they had these suspicions of LMC's wrongful conduct involving Binns and Plaintiffs' trade secrets by January 3, 2015, and as such, they were on notice of potential CUTSA claims.

Therefore, LMC has met their burden of establishing a prima facie case that the three-year statute of limitations bars Plaintiffs' CUTSA claims. Plaintiffs must present evidence that contradicts this knowledge. Plaintiffs fail to do so. Instead, Plaintiffs cite the continued discussions

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
West District, Santa Monica Courthouse, Department M

| | |
|---|---|
| **SC128899** | April 29, 2022 |
| **SKY LIFT AERONAUTICS, LLC VS LOCKHEED MARTIN CORP., ET AL** | 2:44 PM |

Judge: Honorable Mark A. Young          CSR: None
Judicial Assistant: K. Metoyer           ERM: None
Courtroom Assistant: None                Deputy Sheriff: None

---

regarding their participation with the hybrid airship project. Specifically, through January 2015 into the summer of 2015, Plaintiffs were encouraged by LMC to collaborate with Hybrid in the sale of hybrid airships and were led to believe they could still sell LMC-manufactured hybrid airships with Hybrid as an intermediary, unaware of any specific "exclusive" arrangement between LMC and Hybrid. (UMF 66. 67, 68, 69, 87, 88, 109, 112.) Plaintiffs reason that because they believed they could sell LMC-manufactured hybrid aircraft, they had no reason to believe they had been harmed or that Binns had supplied Plaintiffs' trade secrets to LMC. However, these facts do not place into dispute any of the above material facts regarding Plaintiff's suspicions and beliefs from late 2013 until January 3, 2015, which triggers the statutory period. The undisputed evidence demonstrates that Plaintiffs therefore fail to present a material dispute of fact as to whether Plaintiffs reasonably should not have known of the misappropriations prior to February 2015.

Accordingly, LMC's motion for summary adjudication is GRANTED as to the first cause of action. As a result, the Court does not address the additional argument regarding damages.

Breach of Contract Claims

In their motion, LMC argues that the breach of contract claims (second, fourth and seventh causes of action) fail as a matter of law because the four-year statute of limitations bars these claims. A Breach of written contract claim is subject to a four-year statute of limitations. (Code Civ. Proc., § 337(1).) The cause of action accrues when the breach occurs. (Spear v. California State Automobile Association (1992) 2 Cal.4th 1035, 1042; see Smyth v. USAA Property & Casualty Ins. Co. (1992) 5 Cal.App.4th 1470, 1476-1477 [where breach of covenant sounds in contract, the four-year statute applies].)

The two contracts at issue regard two Proprietary Information Agreements ('PIA") between LMC and Sky Lift/Millenium, which were signed in 2012 and 2013. (SAC ¶¶ 112, 140.) The PIAs prohibited either party from using the confidential and proprietary information provided by the other party. (SAC ¶¶ 114, 142.) Plaintiffs allege that LMC breached the PIAs by using and disclosing confidential and proprietary information provided by Sky Lift/Millennium to LMC. (SAC ¶¶ 115, 143.) As set forth herein, Plaintiffs knew of or at least suspected the breach of contract claims against Lockheed by January 2014. These same articulated suspicions by Mr. Costin and Mr. Smith of LMC's contractual breach form the basis for the conspiracy outlined in the FAC, in which Plaintiffs allege that LMC "conspired with Korn Ferry and Binns to achieve the final steps of its plan to hijack the Hybrid Airship project for itself" and gather "as much remaining information" from Plaintiffs. (4AC ¶ 2.)

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
**Civil Division**
West District, Santa Monica Courthouse, Department M

**SC128899** April 29, 2022
**SKY LIFT AERONAUTICS, LLC VS LOCKHEED MARTIN** 2:44 PM
**CORP., ET AL**

Judge: Honorable Mark A. Young         CSR: None
Judicial Assistant: K. Metoyer          ERM: None
Courtroom Assistant: None               Deputy Sheriff: None

---

The undisputed evidence is overwhelming that both Mr. Costin and Mr. Smith suspected Binns was conspiring with LMC regarding acquisition of Plaintiffs' confidential information by January 2014, which forms the basis of these three causes of action. For instance, by October 18, 2013, Costin was "having suspicions" that Binns was engaged in a conspiracy with LMC and Korn Ferry. (UMF 40.) These suspicions "only increased" throughout the remainder of 2013 and into January 2014. (UMF 40-41 [undisputed].) In late January 2014, Binns informed Plaintiffs that he did not believe he had any "continuing obligations" under the confidentiality agreement between Binns and Sky Lift. (UMF 50, 52.) In response, Costin testified that at this time he suspected that Binns had become a "turncoat" and "was going to try to go work with Lockheed Martin directly" for the purpose of developing hybrid airships. (UMF 51.) Costin also was not concerned that Binns had not been paid by Plaintiffs because of Binns relationship with LMC. (Id.) Costin further admitted that in January 2014, things were tense because LMC had just stated that the deal would not go forward with Sky Lift and Costin "wanted to sue [LMC]." (UMF 49.) Smith, Sky Lift's managing member and PMK, testified that upon receiving Binns' resignation letter in January 2014, he "felt that there was collusion taking place" to use Sky Lift's confidential information, so he sent a cease and desist letter to Binns. (UMF 52 [undisputed].) As such, both Costin and Smith suspected by January 2014 that LMC had violated the PIA agreements by working with Binns in order to wrongfully acquire Plaintiffs' confidential information to form their own hybrid airship project.

Therefore, LMC has met their burden demonstrating a prima facie case that the contract claims would be untimely under the four-year statute of limitations. Again, the burden shifts to Plaintiffs, who must present evidence that contradicts when they knew of the claims or were suspicious of the claims. Plaintiffs failed to do so. Plaintiffs generally cite the continued discussions regarding their participation with the hybrid airship project. Plaintiffs present evidence that through January 2015 and into the summer of 2015, Plaintiffs were encouraged by LMC to collaborate with Hybrid in the sale of hybrid airships and were led to believe they could still sell LMC-manufactured hybrid airships with Hybrid as an intermediary, unaware of any specific "exclusive" arrangement between LMC and Hybrid. (UMF 66. 67, 68, 69, 87, 88, 109, 112.) Plaintiffs reason that because they believed they could sell LMC-manufactured hybrid aircraft, they had no reason to believe they had been harmed or that Binns had revealed trade secrets to LMC. However, these facts do not place into dispute any of the above material facts regarding Plaintiffs' principals' suspicions and beliefs from 2013 through January 2014. It is these suspicions of wrongdoing that triggers the statutory period. Plaintiffs therefore fail to present a material dispute of fact as to whether Plaintiffs reasonably should not have known of the PIA violations prior to February 2014.

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
**Civil Division**
West District, Santa Monica Courthouse, Department M

| | |
|---|---|
| **SC128899** | April 29, 2022 |
| **SKY LIFT AERONAUTICS, LLC VS LOCKHEED MARTIN CORP., ET AL** | 2:44 PM |

Judge: Honorable Mark A. YoungCSR: None
Judicial Assistant: K. MetoyerERM: None
Courtroom Assistant: NoneDeputy Sheriff: None

---

Therefore, LMC's motion for summary adjudication is GRANTED as to the second, fourth and seventh causes of action.

Promissory Estoppel

LMC moves against the sixth cause of action for promissory estoppel on the grounds that it is barred by the two-year statute of limitations. A claim for promissory estoppel is governed by a two-year limitations period. (Newport Harbor Vent., LLC v. Morris Cerullo World Evangelism (2016) 6 Cal. App. 5th 1207, 1224; CCP § 339(1); see Newport Harbor Ventures, LLC v. Morris Cerullo World Evangelism (2016) 6 Cal.App.5th 1207, 1224, fn. 5 [where the primary purpose of an equitable cause of action is to recover money under a contract, the statute of limitations applicable to contract actions governs]; see also Amen v. Merced County Title Co. (1962) 58 Cal.2d 528, 532 [four year statute for written contract would apply where escrow instructions are in writing and the escrow holder accepts or prepares them even though it was accepted orally or by an act other than signing].) The cause of action alleges that LMC made an unambiguous promise to Millennium and then to Sky Lift that it would enter into a partnership with Millennium and then Sky Lift regarding the design, manufacture and sale of Hybrid Airships. (SAC ¶ 130.)

Plaintiffs do not dispute that they never executed a written agreement with LMC. (UMF 46-48.) Plaintiffs do not point to any writing that implied the above promise to enter into a partnership for the manufacture of hybrid airships. (AMF 24, 35, 37, 40-45.) Thus, the purported obligation would be on a contract not founded upon an instrument of writing and the two-year statute of limitations period would apply. As set forth above, Plaintiffs were on notice in 2015 of LMC's breach of this promise. At the latest, Plaintiffs knew of this breach on June 16, 2015, which is conceded by Plaintiffs in their opposition. (Opp. at 16: 3-5; AMF 66-69.) Even with the June 16, 2015, date, Plaintiffs' claim is barred by the two-year statute of limitations.

Accordingly, LMC's motion for summary adjudication is GRANTED as to this cause of action.

Therefore, LMC's motion for summary judgment is GRANTED.

Defendant to prepare a proposed order and judgment.

Clerk to give notice.

---

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
### Civil Division
West District, Santa Monica Courthouse, Department M

| | |
|---|---|
| **SC128899** | April 29, 2022 |
| **SKY LIFT AERONAUTICS, LLC VS LOCKHEED MARTIN CORP., ET AL** | 2:44 PM |

| | |
|---|---|
| Judge: Honorable Mark A. Young | CSR: None |
| Judicial Assistant: K. Metoyer | ERM: None |
| Courtroom Assistant: None | Deputy Sheriff: None |

---

Certificate of Mailing is attached.