# EXHIBIT 7

# AUGUST 2023 EMAILS

**From:** Daniel Tarpey <dtarpey@tarpeywix.com>
**Sent:** Tuesday, November 21, 2023 4:06 PM CST
**To:** Blair, Kimberly E. <Kimberly.Blair@wilsonelser.com>; Merlo, Robert F. <Robert.Merlo@wilsonelser.com>
**CC:** David Wix <dwix@tarpeywix.com>; Daniel Tarpey <dtarpey@tarpeywix.com>
**Subject:** FW: FW: Sky Lift Aeronautics, LLC and Millennium Airship, Inc.

## Attorney Client Privilege

**From:** michaeltg1 <michaeltg1@protonmail.com>
**Sent:** Wednesday, August 23, 2023 3:09 PM
**To:** jeff@loftusandeisenberg.com
**Cc:** Daniel Tarpey <dtarpey@tarpeywix.com>; michaeltg1 <michaeltg1@protonmail.com>
**Subject:** Re: FW: Sky Lift Aeronautics, LLC and Millennium Airship, Inc.

Dear Mr. Katz,
Please refer to the email attached, that was sent to you From Mr. Tarpey asserting Skylift Aeronautics and my position. Please take notice, I am confirming Mr. Tarpey's true and accurate statements in that email, that I Michael Smith remain the true and only manager of Skylift, and have not authorized you or anyone in your firm to act as representation for myself or skylift Aeronuatics. Thus please immediately cease and dissist any and all further actions regarding Skylift towards Tarpey Wicks.

Should you feel the need to contact me, my email is michaeltg1@protonmail.com
Cell 1 714 262 6839

Thank you
R. Michael Smith

Sent with Proton Mail secure email.

---

**From:** Daniel Tarpey <dtarpey@tarpeywix.com>
**Sent:** Wednesday, August 23, 2023 11:33 AM
**To:** Jefferey Katz <jeff@loftusandeisenberg.com>
**Cc:** David Wix <dwix@tarpeywix.com>; Daniel Tarpey <dtarpey@tarpeywix.com>
**Subject:** RE: Sky Lift Aeronautics, LLC and Millennium Airship, Inc.

Hi Jeff. We have actually met before. I tried to refer you a case a few years back but don't think it went anywhere. This email confirms we received your email below. I wanted to raise a couple of points …

First, we are in the process of engaging counsel in regards to the alleged malpractice referenced below and can't comment one way or another on a Tolling Agreement until we have guidance from our counsel. Hopefully we will have that either by Friday or Monday at the latest. Let us know if that is acceptable. As an aside, it is our understanding that, with the pending appeal, any alleged malpractice claim is not ripe and therefore no need for a tolling agreement but we will comment on that further upon advice from counsel.

Second, and I don't think this arises quite yet to a Rule 137 issue so by no means am I threatening any sort of sanctions, but it has been conveyed to me that your firm has not been authorized, and will not be authorized, to represent Sky Lift. Mr. Michael Smith (Gil Costin's former partner in this venture) is the Manager of Sky Lift and the sole contributor of all capital invested in Sky Lift. Mr. Smith has not only not authorized the retention of malpractice counsel on behalf of Sky Lift, he has ceased communicating with Mr. Costin in this regard since Mr. Costin started raising the issue of potential malpractice. Mr. Smith welcomes your contact to verify this and, if more appropriate, he is happy to email you directly. Since Mr. Smith and Sky Lift are still our firm's clients and he refutes your representation that your firm represents Sky Lift, I require that you copy both me and my partner Dave Wix (copied here) on all communications with Mr. Smith until and if Mr. Smith directs otherwise.

Third, I'm guessing your client didn't inform you that we agreed to take on the appeal (which wasn't part of our initial engagement) so long as Mr. Costin dropped his malpractice ruminations. He agreed. That is in an email exchange somewhere which I will dig up so long as our counsel authorizes disclosure.

Fourth, also related to the appeal, in light of Mr. Costin's accusations of malpractice, I'm not sure how ethically we continue with the appeal. We plan on consulting with our malpractice attorney in this regard but we most likely will be filing a motion to withdraw so you may want to inform Mr. Costin that he should start looking to hire new appellate counsel. I am not firm on this position until we get guidance from our counsel but I wanted to give you and Mr. Costin advance notice of the direction we are leaning so he can take appropriate measures to find substitute counsel to pursue the appeal as the clock is ticking. At the very least, we will be filing a motion for an extension of time to file the appellate brief and will advise the appellate court in our motion that the appellant may be considering hiring new counsel to pursue the appeal due to irreconcilable differences. Even though I thought we were all in the same boat in achieving the best outcome possible on appeal, I just don't see how our hands are not tied now in light of Mr. Costin's accusations.

Fifth, and I tread lightly here and only raise these issues because I have a good idea of what your fee arrangement is with Mr. Costin … your reputation speaks for itself (which is why I tried to previously refer you a case) so I trust you will

fulfill your obligations under Illinois Supreme Court Rule 137 to review the pleadings and the court's opinions before filing any lawsuit. But, with that being said, I wanted to put you on notice with regard to at least the following, two major issues: (i) the Court's SOL finding was based in large part on emails written by Mr. Costin which were not disclosed to us prior to us filing the complaint; and (ii) the claims at issue are ultimately held by Sky Lift, not Millennium, but Millennium was named as a Plaintiff because of its historical interaction with Lockheed (i.e. if you do not have authority to represent Sky Lift I'm not sure where that lands your potential malpractice claims on behalf of Millennium only).

Since this is the first time in my 27 years of practice and Dave's 29 years of practice, we obviously take this VERY seriously and, depending on the advice of our malpractice counsel, we are open to having a candid conversation about any of these issues under the auspices of a privileged settlement communication.

Lastly, if you think best to have communication with Michael Smith on your firm's authority to represent Sky Lift by conference call, let me know and I am happy to facilitate.

Sincerely, Dan Tarpey

**Tarpey Wix LLC |** 225 West Wacker Drive **|** Suite 1515 **|** Chicago, IL **|** 60606 **|** 312.948.9090
**D** 312.948.9092 **| F** 312.948.9105  **| C** 773.263.3331  **| E** dtarpey@tarpeywix.com **| W** www.tarpeywix.com

---

**From:** Jefferey Katz <jeff@loftusandeisenberg.com>
**Sent:** Monday, August 21, 2023 3:21 PM
**To:** Daniel Tarpey <dtarpey@tarpeywix.com>
**Subject:** Sky Lift Aeronautics, LLC and Millennium Airship, Inc.

Daniel-

My name is Jeff Katz and I have been retained by Sky Lift Aeronautics, LLC and Millennium Airship, Inc. to investigate and pursue an action against you and your firm for malpractice arising out of your representation of those entities.

I understand that the matter is currently on appeal. To that end, my suggestion is to enter into a Tolling Agreement so that the appeal may run its course.

Please let me know your thoughts on that framework. I look forward to your response.


--
**Jefferey Ogden Katz, Esq**.

Loftus & Eisenberg, Ltd.

161 N. Clark, Suite 1600 Chicago, IL 60601
C: (312) 545-5107 O: (312) 899-6625
Jeff@loftusandeisenberg.com

This e-mail is the property of Loftus & Eisenberg, Ltd. It is intended only for the person or entity to which it is addressed and may contain information that is privileged, confidential, or otherwise protected from disclosure. Distribution or copying of this e-mail, or the information contained herein, by anyone other than Loftus & Eisenberg, Ltd. is prohibited. If you have received this e-mail in error, please immediately notify the sender.