**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| MILLENNIUM AIRSHIP, INC. and SKY-LIFT, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>TARPEY WIX, LLC,<br><br>Defendant. | NO. 1:23-CV-16218<br><br>Judge Edmond E. Chang |

**MEMORANDUM OPINION AND ORDER**

Law firm Tarpey Wix, LLC represented Millennium Airship, Inc. and SkyLift, LLC in a contract and trade-secrets lawsuit that those companies filed in California state court. R. 48, First Am. Compl. at 8–9.[1] But the state court granted summary judgment to the defendants because Millennium and SkyLift's claims were time-barred. *Id.* ¶ 112. Millennium then sued Tarpey Wix, alleging that the law firm committed malpractice by filing the suit too late. R. 1, Notice of Removal Exh. A, Compl. ¶¶ 1–2, 6–7. Millennium later filed a First Amended Complaint that added SkyLift as a plaintiff and added a new claim for breach of fiduciary duty. First Am. Compl. at 7, 22–24.[2] Tarpey Wix moves for partial judgment on the pleadings, arguing that

---

[1]Citations to the record are "R." followed by the docket entry number and, if needed, a page or paragraph number.

[2]This Court has subject matter jurisdiction over this case under 28 U.S.C. § 1332. Specifically, Millennium is a Washington corporation with its principal place of business in Washington. First Am. Compl. ¶ 12. SkyLift is a limited liability company with two members: Michael Smith, a California citizen, and Gil Costin, a Washington citizen. *Id.* ¶¶ 13–14; *see Wise v. Wachovia Secs., LLC*, 450 F.3d 265, 267 (7th Cir. 2006). And Tarpey Wix is a limited

SkyLift's legal-malpractice claim is time-barred, and moves to dismiss the fiduciary-duty claim as duplicative of the malpractice claims. R. 62, Def.'s Mot. at 6–12. The motions are granted.

## I. Background

For the purposes of these motions, the Court accepts as true the factual allegations in the First Amended Complaint and draws all reasonable inferences in Millennium and SkyLift's favor. *McGowan v. Hulick*, 612 F.3d 636, 638 (7th Cir. 2010) (citing *Erickson v. Pardus*, 551 U.S. 89, 90 (2007) (per curiam)).

For over a decade, Millennium and SkyLift developed hybrid airship technology in partnership with Lockheed Martin and other companies. First Am. Compl. ¶¶ 24, 29–31, 36–37. But in January 2015, Millennium and SkyLift discovered that Lockheed allegedly had taken their trade secrets and cut them out of the business. *Id.* ¶¶ 68–70, 78–80. In December 2016, they retained Tarpey Wix to sue Lockheed and several other companies in California state court. *Id.* ¶ 81. But Tarpey Wix did not file the suit until February 2018. *Id.* ¶ 104. Because California law imposes a three-year statute of limitations on trade-secret claims, the California trial court concluded that Millennium and SkyLift's claims were time-barred and granted summary judgment to the defendants in June 2022. *Id.* ¶¶ 91, 112.

---

liability company with two members—Daniel Tarpey and David Wix—who are citizens of Illinois. First Am. Compl. ¶¶ 15–16. The amount-in-controversy requirement is also met because Millennium seeks over $200 million in damages. *Id.* ¶ 18.

In August 2023, Millennium retained counsel to pursue a legal malpractice claim against Tarpey Wix. R. 66-7, Def.'s Answer Exh. 7, Aug. 2023 Emails at 3. SkyLift's manager, Michael Smith, expressly stated that he had "not authorized" the retained counsel "to act as representation for [himself] or skylift Aeronuatics [sic]." *Id.* at 2. So Millennium—but not SkyLift—filed a legal-malpractice suit against Tarpey Wix in October 2023. Compl. at 1, 19–21. Two years later, in October 2025, Millennium filed a First Amended Complaint that added SkyLift as a plaintiff and a new fiduciary-duty claim. First Am. Compl. at 7, 22–24.

## II. Legal Standard

A party may move for judgment on the pleadings after the pleadings are closed. Fed. R. Civ. P. 12(c). A motion for judgment on the pleadings is subject to the same standard as a motion to dismiss under Rule 12(b)(6). *Hayes v. City of Chicago*, 670 F.3d 810, 813 (7th Cir. 2012). In ruling on a motion for judgment on the pleadings, the Court must accept all well-pleaded allegations as true and view the alleged facts in the light most favorable to the non-moving party. *Id.* Judgment on the pleadings is proper if "the factual allegations in the complaint, accepted as true," fail to "raise a right to relief above the speculative level." *Wolf v. Riverport Ins. Co.*, 132 F.4th 515, 519 (7th Cir. 2025) (cleaned up).[3] In ruling on a motion for judgment on the pleadings, the Court considers the pleadings alone, which consist of the complaint, the answer,

[3]This Opinion uses (cleaned up) to indicate that internal quotation marks, alterations, and citations have been omitted from quotations. *See* Jack Metzler, *Cleaning Up Quotations*, 18 Journal of Appellate Practice and Process 143 (2017).

and any documents attached as exhibits. *N. Ind. Gun & Outdoor Shows, Inc. v. City of South Bend*, 163 F.3d 449, 452 (7th Cir. 1998).

Under Federal Rule of Civil Procedure 8(a)(2), a complaint generally need only include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This short and plain statement must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (cleaned up). The Seventh Circuit has explained that this rule "reflects a liberal notice pleading regime, which is intended to 'focus litigation on the merits of a claim' rather than on technicalities that might keep plaintiffs out of court." *Brooks v. Ross*, 578 F.3d 574, 580 (7th Cir. 2009) (quoting *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002)). At the same time, the Supreme Court instructs that "[d]etermining whether a complaint states a plausible claim for relief will … be a context-specific task." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The Seventh Circuit has drawn a context-dependent distinction between relatively straightforward employment discrimination claims versus more complex claims. *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404–05 (7th Cir. 2010).

"A motion under Rule 12(b)(6) challenges the sufficiency of the complaint to state a claim upon which relief may be granted." *Hallinan v. Fraternal Ord. of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). "[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (cleaned up). These allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The

allegations that are entitled to the assumption of truth are those that are factual, rather than mere legal conclusions. *Iqbal*, 556 U.S. at 678–79.

## III. Analysis

### A. Motion for Judgment on the Pleadings

Tarpey Wix moves for judgment on the pleadings against SkyLift, arguing that its legal-malpractice claim is time-barred. Def.'s Mot. at 6–9. Typically, enforcing a time bar at the pleading stage "is an unusual step, since a complaint need not anticipate and overcome affirmative defenses, such as the statute of limitations." *Sidney Hillman Health Ctr. v. Abbott Lab'ys, Inc.*, 782 F.3d 922, 928 (7th Cir. 2015) (cleaned up). But if undisputed facts establish a statute of limitations defense, the Court may grant judgment on the pleadings on that ground. *Id.* And here, there are no disputed factual allegations related to the statute of limitations. Tarpey Wix alleges that SkyLift's manager, Michael Smith, found out that the California trial court had granted summary judgment to the defendants in the underlying trade-secrets suit in June 2022. R. 66, Def.'s Answer ¶¶ 10, 13. Tarpey Wix attaches emails to its answer which support this timing, R. 66-6, Def.'s Answer Exh. 6, June 2022 Emails at 2–5, and SkyLift does not dispute their accuracy, *see* Pls.' Resp. Br. at 10.

Under Illinois law, legal-malpractice claims "must be commenced within 2 years from the time the person bringing the action knew or reasonably should have known of the injury for which damages are sought." 735 ILCS 5/13-214.3(b). Thus, Tarpey Wix argues that SkyLift's malpractice claim accrued in June 2022, when it knew of the injury for which it seeks damages (its loss in the California suit). Def.'s

Mot. at 6–7. If SkyLift's claim accrued in June 2022, then the statute of limitations expired in June 2024—over a year before SkyLift brought its claim in October 2025. First Am. Compl. at 7. SkyLift responds that it brought its legal-malpractice claim within two years of the claim accruing or, alternatively, that its claim is not time-barred under the doctrines of relation back and equitable estoppel. R. 63, Pls.' Resp. Br. at 3–10. The Court addresses each argument in turn.

**1. Accrual Date**

SkyLift argues that its malpractice claim did not accrue until July 2024, when the California appellate court affirmed the trial court's judgment. Pls.' Resp. Br. at 9–10; First Am. Compl. ¶ 114. But Illinois law is clear: a legal-malpractice claim based on representation in an underlying lawsuit accrues when the plaintiff receives an adverse judgment in that suit. *See Hermitage Corp. v. Contractors Adjustment Co.*, 651 N.E.2d 1132, 1139–40 (Ill. 1995). Again, "a cause of action for legal malpractice accrues when the plaintiff knows or reasonably should know of his injury and that it was caused wrongfully." *Goran v. Glieberman*, 659 N.E.2d 56, 60 (Ill. App. Ct. 1995). And a plaintiff is on notice that their counsel has committed an error in the underlying suit when they receive an adverse judgment from the *trial* court. *See Hermitage*, 651 N.E.2d at 1139–40. At that point, the plaintiff "may not slumber on his rights" simply because the appellate court might overturn the trial court ruling. *Zupan v. Berman*, 491 N.E.2d 1349, 1352 (Ill. App. Ct. 1986) (cleaned up). "Otherwise, the statute of limitations could be postponed indefinitely until all avenues of appeal in the earlier suit were exhausted." *Hermitage*, 651 N.E.2d at 1139. Indeed, even if the trial

court is reversed, the plaintiff would still have suffered an injury because he had to spend time and money pursuing the appeal. *See Belden v. Emmerman*, 560 N.E.2d 1180, 1182–83 (Ill. App. Ct. 1990); *see also Goran*, 659 N.E.2d at 60–61. Because a legal-malpractice plaintiff has been injured regardless of the outcome on appeal, the malpractice claim accrues when the trial court enters the adverse judgment, so that is when the statute of limitations begins to run. *See Belden*, 560 N.E.2d at 1183; *Zupan*, 491 N.E.2d at 1351–52; *cf. Goran*, 659 N.E.2d at 60–61.

The cases on which SkyLift relies do not hold otherwise. *See* Pls.' Resp. Br. at 9–10. First, SkyLift cites *Suburban Real Estate Services, Inc. v. Carlson*, 193 N.E.3d 1187 (Ill. 2022), and *Lucey v. Law Offices of Pretzel & Stouffer, Chartered*, 703 N.E.2d 473 (Ill App. Ct. 1998), which both hold that a plaintiff's legal-malpractice claim does not accrue until he receives an adverse judgment in the underlying lawsuit. *Carlson*, 193 N.E.3d at 1192; *Lucey*, 703 N.E.2d at 478. But that is the precise rule that the Court applies here. Neither case discusses the effect of an appeal on the statute of limitations, let alone holds that the statute of limitations does not run until the appeal is complete. *See Carlson*, 193 N.E.3d at 1192–95; *Lucey*, 703 N.E.2d at 478–81.

SkyLift also cites *Griffin v. Goldenhersh*, 752 N.E.2d 1232 (Ill. App. Ct. 2001), which held that a plaintiff's malpractice claim against his criminal-defense attorney accrues when the final mandate overturning the conviction is issued in the underlying criminal case. *Id.* at 1238. But a malpractice claim against a criminal-defense attorney requires an additional element that is not required when suing a civil attorney. Because criminal malpractice claims are essentially a collateral attack on the

plaintiff's criminal conviction, "the plaintiff must also prove his innocence of the crime for which the defendant represented him." *Id.* So the malpractice claim does not accrue until the plaintiff's innocence is proven with certainty—that is, when the appeals process has resulted in the overturning of the conviction in the underlying criminal case. *Id.* at 1239–41. But malpractice claims against civil attorneys contain no such element, so civil-client plaintiffs need not wait until the underlying lawsuit fully concludes for their claim to accrue. *See Belden*, 560 N.E.2d at 1183. Because malpractice plaintiffs arising from civil cases are reasonably on notice of their injury when they receive an adverse judgment at the trial level, the statute of limitations begins to run at that point. Thus, SkyLift's legal-malpractice claim accrued in June 2022, when it knew about the California trial court's summary-judgment ruling.

**2. Relation Back**

SkyLift argues that even if its malpractice claim accrued in June 2022, its October 2025 malpractice claim relates back to Millennium's timely October 2023 complaint, and thus avoids the time bar. Pls.' Resp. Br. at 3–9. Under Civil Rule 15(c)(1), "[a]n amendment to a pleading relates back to the date of the original pleading when" (1) "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading"; (2) "the amendment changes the party or the naming of the party against whom a claim is asserted"; and (3) "the party to be brought in by amendment … (i) received such notice of the action that it will not be prejudiced in defending on the merits; and

(ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity."

As an initial matter, Civil Rule 15(c)(1)(C) does not apply to an amendment adding a plaintiff to *bring* new claims in a suit. The text of the rule makes this plain. Civil Rule 15(c)(1)(C) dictates that an amended pleading relates back to the original pleading when "the amendment changes the party … *against whom a claim is asserted*." Fed. R. Civ. P. 15(c)(1)(C) (emphasis added). Similarly, the rule requires that "the party to be brought in by amendment … knew or should have known that the action would have been *brought against it*." *Id.* (emphasis added). So the rule, on its face, applies only to parties *against whom* claims are being brought, not to parties *bringing* claims. Of course, sometimes plaintiffs are the parties against whom claims are brought; a defendant may bring a counterclaim against a plaintiff, or one plaintiff may bring a crossclaim against another. But here, because SkyLift seeks to be added as a plaintiff solely to *bring* a claim against Tarpey Wix—not the other way around—the amended pleading falls outside the clear scope of Civil Rule 15(c)(1)(C).

The Court recognizes that Tarpey Wix did not argue that Civil Rule 15(c)(1)(C) is inapplicable. *See* Def.'s Mot. at 7–9; *see United States v. Sineneng-Smith*, 590 U.S. 371, 375–76 (2020) (describing the party-presentation principle). But Tarpey Wix did raise the statute of limitations generally, so the Court is not injecting an entirely new issue into the case. Beyond that, the Court cannot ignore the rule's plain text. True, Tarpey Wix cites an Advisory Committee note, which seems to suggest (at first glance) that the rule applies to a change in plaintiffs too:

> [t]he relation back of amendments changing plaintiffs is not expressly treated in revised Rule 15(c) since the problem is generally easier. Again the chief consideration of policy is that of the statute of limitations, and the *attitude* taken in revised Rule 15(c) toward change of defendants extends by analogy to amendments changing plaintiffs.

Fed. R. Civ. P. 15(c) advisory committee's note to 1966 amendment (emphasis added); *see* Def.'s Mot. at 8. The Note does not, however, purport to instruct courts to directly apply Rule 15(c) to a change in a plaintiff *bringing* a claim. If anything, the Note advises that the "attitude" in Rule 15(c) to claims against defendants should "extend[] by analogy" to claims brought by plaintiffs. Fed. R. Civ. P. 15 advisory committee's note to 1966 amendment. But there is no explicit instruction to apply Rule 15(c) to an added plaintiff that is bringing a claim. In any event, "it is the Rule itself, not the Advisory Committee's description of it, that governs." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 363 (2011). And the rule is clearly limited to amended pleadings that add parties against whom claims are brought.

Tarpey Wix does cite a couple of cases that arguably would support SkyLift's argument that new plaintiffs (in addition to defendants) may be added under Civil Rule 15(c)(1)(C). Def.'s Mot. at 8 (citing *Worthington v. Wilson*, 8 F.3d 1253, 1256 (7th Cir. 1993); *Blanchard v. Edgemark Fin. Corp.*, 2000 WL 33223385, at *7 (N.D. Ill. May 22, 2000)). But *Worthington v. Wilson* did not apply the rule to a change in the party-*plaintiff*. 8 F.3d at 1254, 1256–57. The only issue there was the usual change in *defendant*. *Id. Worthington* merely quoted another Seventh Circuit case in passing to say that Rule 15(c) may be used "to correct a misnomer of plaintiff," "to change the

capacity in which the plaintiff sues," "to substitute or add as plaintiff the real party interest," "or to add additional plaintiffs" in a class action. *Id.* at 1256 (quoting *Wood v. Worachek*, 618 F.2d 1225, 1229 (7th Cir. 1980)). That part of *Wood v. Worachek* is of course correctly quoted, but *Wood* too did not apply Rule 15(c) to a change in plaintiff. 618 F.2d at 1229 (applying Rule 15(c) to permit naming of formerly unknown Doe defendant). The other case, *Blanchard v. Edgemark Fin. Corp.*, applied Rule 15(c) in a very different context: the expansion of a class period in a proposed class action. 2000 WL 33223385, at *7. So the court did not permit the addition of new named plaintiffs, but merely allowed an expansion of the proposed class period. *Id.* at *7–8. So those cases do not stand for the broad proposition that an amended pleading adding a plaintiff who brings new claims relates back to the original pleading under Civil Rule 15(c)(1)(C). Because the rule does not apply here, SkyLift cannot rely on it to avoid the statute of limitations.

Even if Civil Rule 15(c)(1)(C) did apply, SkyLift would still need to show that it meets the elements of the rule. As a reminder, "the party to be brought in by amendment" must have "kn[o]w[n] or should have known that the action would have been brought against it, but for a *mistake* concerning the proper party's identity." Fed. R. Civ. P. 15(c)(1)(C) (emphasis added). But here, SkyLift presents no allegations or evidence that it failed to join Millennium's original complaint because of a mistake. Indeed, Smith's email shows that SkyLift made an intentional decision to opt out of the malpractice suit. *See* Aug. 2023 Emails at 3 ("Please take notice, I am confirming Mr. Tarpey's true and accurate statements in that email, that I Michael Smith

remain the true and only manager of Skylift, and have not authorized you or anyone in your firm to act as representation for myself or skylift Aeronuatics [sic]. Thus please immediately cease and desist any and all further actions regarding Skylift towards Tarpey Wicks [sic]."). A "deliberate choice" to opt out of the suit "is the antithesis of making a mistake concerning the proper party's identity." *Krupski v. Costa Crociere S. p. A.*, 560 U.S. 538, 549 (2010). Thus, SkyLift has not met one of Civil Rule 15(c)(1)(C)'s elements.

Against this, SkyLift argues that it chose not to join the original complaint because it mistakenly believed that Millennium's suit would preserve SkyLift's claim against Tarpey Wix. Pls.' Resp. Br. at 5–8. SkyLift also argues that it mistakenly believed that its malpractice claim would not accrue until after the California appeal was completed. *Id.* at 6–8. But those mistakes are not the type of mistakes that the Supreme Court defined in *Krupski v. Costa Crociere S.p.A.*, on which SkyLift relies. *See* Pls.' Resp. Br. at 3–4. *Krupski* held that a mistake about "the proper party's identity" could indeed be the product of a "deliberate choice." 560 U.S. 538 at 548–49. But that does not describe what SkyLift argues that it did here. Even assuming the truth of SkyLift's assertions (which the Court must do on a motion for judgment on the pleadings), SkyLift's mistake about the impact of Millennium's lawsuit or the accrual date are not mistakes about the identity of a party. So *Krupski* does not help SkyLift in this case.

SkyLift alternatively contends that it need not meet the rule's requirements because it instead meets the four-factor test set forth in *Olech v. Village of*

*Willowbrook*, 138 F. Supp. 2d 1036, 1044 (N.D. Ill. 2000) (holding that a new plaintiff's claim relates back to the original complaint if (1) the new plaintiff's claim arises out of the same conduct, transaction, or occurrence as the original complaint; (2) the new plaintiff shares an identity of interest with the original plaintiff; (3) the defendants have fair notice of the new plaintiff's claim; and (4) the addition of the new plaintiff does not prejudice the defendants).[4] Even if the four-factor test were to apply, the factors weigh directly against the change in plaintiff. It is true that the underlying state-court lawsuit qualifies as the same transaction or occurrence. But all the other factors—identity of interest, fair notice, and lack of undue prejudice—are obstacles to applying relation back, even when the circumstances are viewed in SkyLift's favor. The key is that in the state-court lawsuit, SkyLift asserted four of the seven claims on its *own* behalf, without Millennium as a co-plaintiff. R. 66-5, Def.'s Answer Exh. 5, State Ct. Order at 1 (describing the seven claims). So by definition, Millennium has no identity of interest with SkyLift (and vice versa) on those four claims. That also would mean that Tarpey Wix would not have known that its conduct as to those four claims were at issue in this case. Plus, discovery would be required on those four claims, extending this case out longer. In sum, relation back does not apply, whether under Rule 15(c)(1)(C) or the case-law analogue.

[4]*Olech* was decided on remand from the Supreme Court, which did not address relation back. *See* 138 F. Supp. 2d at 1039; *Village of Willowbrook v. Olech*, 528 U.S. 562, 564–65 (2000) (per curiam).

**3. Equitable Estoppel**

SkyLift also argues that equitable estoppel prevents Tarpey Wix from asserting the statute of limitations defense. Pls.' Resp. Br. at 6–9. Under Illinois law, an attorney is estopped from arguing that a malpractice claim is time-barred if the plaintiff's delay in filing the malpractice claim was caused by the attorney's reassurances that they would succeed in the underlying suit. *Jackson Jordan, Inc. v. Leydig, Voit & Mayer*, 633 N.E.2d 627, 632 (Ill. 1994). Thus, to prove equitable estoppel, a plaintiff must show that they "reasonably rel[ied] on the defendant's conduct or representations in [delaying the] suit." *Id.*

Here, SkyLift argues that it reasonably relied on Tarpey Wix's representations that SkyLift and Millennium would successfully overturn the California trial court's judgment on appeal. Pls.' Resp. Br. at 7–9. But SkyLift identifies no allegations or proof to support that, and instead appears to rely only on the emails that Tarpey Wix itself attached to its answer. *See id.* Those emails show that Tarpey Wix's attorneys expressed, at most, cautious optimism about the possibility of a win on appeal. June 2022 Emails at 2–3. No reasonable person could read the emails to say that Tarpey Wix offered "constant reassurances" that the trial court's judgment was "without merit." *Jackson Jordan*, 633 N.E.2d at 632. Indeed, Daniel Tarpey told SkyLift and Millennium over email that they were "obviously within [their] rights to seek independent counsel as to whether [they] have a malpractice claim" against the firm based on the trial court's judgment. June 2022 Emails at 3. So SkyLift cannot

reasonably insist that it decided not to bring its malpractice claim until after the appeal was over based on representations from Tarpey Wix.

As a final argument, SkyLift generally contends that there are disputed facts which preclude judgment on the pleadings. Pls.' Resp. Br. at 10–12. But as just discussed, most of the "disputed facts" SkyLift identifies are just conclusory arguments in briefing, and SkyLift does not identify how discovery would uncover other facts. Other purported "disputed facts" are actually legal issues, such as whether SkyLift's cause of action accrued when it learned of the trial court's judgment in June 2022. *See supra* Section III.A.1. And still other "disputed facts" relate to additional elements under Civil Rule 15(c)(1)(C), such as whether Tarpey Wix would be prejudiced by the addition of SkyLift as a plaintiff in this case. *See id.*; *see* Fed. R. Civ. P. 15(c)(1)(C)(i). But again, SkyLift identifies no basis to think that there is evidence to uncover in discovery to raise a factual dispute about those issues. And even if it did, SkyLift's relation-back argument would still fail because there is no evidence of mistake. Thus, SkyLift does not identify any disputed facts that preclude judgment on the pleadings.

Because SkyLift's legal-malpractice claim accrued in June 2022, but it did not bring the claim until October 2025, the claim is time-barred.

**B. Motion to Dismiss**

Tarpey Wix also moves to dismiss Millennium and SkyLift's claim for breach of fiduciary duty, arguing that it is duplicative of the legal-malpractice claims. Def.'s Mot. at 9–12. In Illinois, "while claims for legal malpractice and breach of fiduciary

duty may be conceptually distinct, when such claims are supported by the same operative facts and result in the same injury to the plaintiff, the breach of fiduciary duty claim is duplicative of the malpractice claim and should be dismissed." *Pippen v. Pedersen & Houpt*, 986 N.E.2d 697, 704 (Ill. App. Ct. 2013).

Here, the claims are supported by the same operative facts. Specifically, Millennium and SkyLift argue that Tarpey Wix delayed filing their California suit, causing them to lose on a statute-of-limitations defense. First Am. Compl. at 20–24. And the claims are based on the same injuries: Millennium and SkyLift's lost judgment and litigation costs in the underlying suit. *See id.* at 21 ("As a direct result of Tarpey Wix's negligence, Millennium suffered damages including lost judgment/settlement value."); *id.* at 22 ("Millennium also lost approximately $300,000 in out-of-pocket litigation costs wasted on the failed underlying case."); *id.* at 24 ("Plaintiffs suffered the same damages alleged in [the malpractice claims] as a direct result of [the] fiduciary breach.").

Millennium and SkyLift argue that the claims are not duplicative because they allege different *causes* for Tarpey Wix's delayed filing. Pls.' Resp. Br. at 13–15. For instance, the malpractice claims allege that Tarpey Wix was delayed because it failed to calendar the statute of limitations and communicate the urgency of the case to Millennium and SkyLift. First Am. Compl. ¶¶ 206–08. In supposed contrast, the fiduciary-duty claim alleges that Tarpey Wix was delayed because it prioritized the firm's interests by conducting due diligence before bringing the California suit. *Id.* ¶¶ 218–19. But "[t]he operative facts of a claim are those facts that actually caused

the plaintiffs' injuries." *Pippen*, 986 N.E.2d at 704–05. Regardless of the *reason* for delay, it was the delay that actually caused Millennium and SkyLink's injuries. *See id.* Thus, the claims are duplicative, and the fiduciary-duty claim must be dismissed.

## IV. Conclusion

The motion for judgment on the pleadings on SkyLift's malpractice claim and the motion to dismiss the claim for breach of fiduciary duty, R. 62, are granted.

ENTERED:

s/Edmond E. Chang
Honorable Edmond E. Chang
United States District Judge

DATE: September 4, 2026